## Charles Fred White et al., Appellants, v. George Pasfield, Jr., et al., Appellees.

1. CIVIL RIGHTS, § 3*—*when bill to enjoin exclusion of persons of negro blood from use of swimming pool and pavilion is defective.* A bill to enjoin the trustees of a park and the lessees of a public pavilion and swimming pool therein from excluding complainants and other persons of negro blood from the use of the swimming pool and pavilion is defective where it contains no allegation that complainants were deprived of the bathing facilities on account of their color.

2. EQUITY, § 32*—*when will not entertain jurisdiction.* A court of equity has no jurisdiction and will not interfere in a matter concerning merely personal rights where no property rights or interests are involved. A party complaining of a violation of such rights must pursue his remedy at law, either in an action for damages or a criminal prosecution or by other appropriate action.

3. CIVIL RIGHTS, § 2*—*right of individual as to freedom from restrictions in business transactions.* Ordinarily, an individual has the utmost freedom from restrictions in his business transactions and will not be held to be controlled therein, unless such intention is clearly expressed in some legislative enactment.

4. CIVIL RIGHTS, § 3*—*what is proper remedy for exclusion from public bathing pool on account of color.* The Civil Rights Act, secs. 1, 2 (J. & A. ¶¶ 3531, 3532), giving the right to all persons to enjoy equally of the accommodation of inns, restaurants, conveyances and places of public accommodation and amusement, without discrimination on account of race or color, and providing for a penalty to be paid to the person discriminated against, and making the violation of the act an offense punishable criminally as a misdemeanor, provides a civil and criminal remedy for its violation, and where one is discriminated against on account of his color in the use of a public bathing pool and pavilion, he should seek redress in the manner designated by the statute and not in equity by injunction.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the April term, 1917. Affirmed. Opinion filed July 15, 1918.

B. G. CLANTON, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

B. L. CATRON, for appellees.

MR. PRESIDING JUSTICE ELDREDGE delivered the opinion of the court.

Charles Fred White and four other complainants filed their second amended bill in chancery in the Circuit Court of Sangamon county, making George Pasfield, Jr., and the other trustees of the Pleasure Driveway and Park District of Springfield, Illinois, and E. D. McNeil and James O. Sylvia parties defendant. It is averred in the bill that the complainants are citizens and taxpayers of the City of Springfield and of said park district; that said park district was organized under the laws of the State and that the trustees have control and custody of the public parks and pleasure driveways in said district with power to levy and collect taxes therefor; that as such citizens and taxpayers aforesaid, they are entitled to the proper and full enjoyment of all the facilities and public conveniences and privileges of the public parks, which are provided and maintained by public taxation and which are common to the taxpayers thereof; that said defendants McNeil and Sylvia are the lessees of the public pavilion and bathing pool in Bunn Park in said park district; that said complainants and several others of the taxpayers of negro blood had been precluded from the use of the public bathing pool, which has been constructed and maintained there from the public funds raised by public taxation, although they offered to pay the required fee therefor; that said trustees claim to have no control over the situation but that said lessees, McNeil and Sylvia, are in control of the privileges of said public bathing beach for the current season. The bill prays that an injunction may issue to restrain and enjoin all the defendants from further interfering with the rights of complainants to bathe in the public bathing pool at Bunn Park and from interfering with the peaceful use by the com-

plainants of the public pavilion at said public bathing pool, which is used for a dressing room for the public, and to restrain and enjoin the trustees from leasing or alienating the property at the said Bunn Park in such a way as to deprive complainants of their lawful rights to use the same.

A demurrer was filed to the bill and sustained in the court below whereupon, the complainants abiding by their bill, it was dismissed for want of equity. There is no direct averment that complainants were deprived of the bathing facilities of the park on account of their color, and, for aught that appears in the bill, other reasons may have existed why these particular complainants were denied the privileges mentioned, and the bill was defective for this reason.

However, a court of equity has no jurisdiction and will not interfere in a matter concerning merely personal rights where no property rights or interests are involved. A party complaining of the violation of such rights must pursue his remedy at law, either in an action for damages or a criminal prosecution or by other appropriate action. McNeil and Sylvia were the lessees of the bathing privileges of the park and had a right to charge a fee to those who desired to use them. Ordinarily, an individual has the utmost freedom from restrictions in his business transactions and will not be held to be controlled therein unless such intention is clearly expressed in some legislative enactment. *Cecil v. Green*, 161 Ill. 265. It is contended by complainants, however, that the defendants have violated the provisions of the act entitled "An Act to protect all citizens in their civil and legal rights and fixing a penalty for violation of the same," in force July 1, 1885, and as amended in 1911. Sections 1 and 2 of this Act (J. & A. ¶¶ 3531, 3532) are as follows:

"Section 1. That all persons within the jurisdiction of said State of Illinois shall be entitled to the

full and equal enjoyment of the accommodation, advantages, facilities and privileges of inns, restaurants, eating houses, hotels, soda fountains, saloons, barber shops, bath rooms, theaters, skating rinks, concert, cafes, bicycles [bicycle] rinks, elevators, ice cream parlors or rooms, railroads, omnibuses, stages, street cars, boats, funeral hearses and public conveyances on land and water, and all other places of public accommodation and amusement, subject only to the conditions and limitations established by law and applicable alike to all citizens; nor shall there be any discrimination on account of race or color in the price to be charged and paid for lots or graves in any cemetery or place for burying the dead, but the price to be charged and paid for lots in any cemetery or place for burying the dead shall be applicable alike to all citizens of every race and color.

"Section 2. That any person who shall violate any of the provisions of the foregoing section by denying to any citizen, except for reasons applicable alike to all citizens of every race and color, and regardless of color or race, the full enjoyment of any of the accommodations, advantages, facilities, or privileges in said section enumerated, or by aiding or inciting such denial, shall, for every such offense, forfeit and pay a sum not less than twenty-five (25) dollars nor more than five hundred (500) dollars to the person aggrieved thereby, to be recovered in any court of competent jurisdiction, in the county where said offense was committed; and shall also, for every such offense, be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined not to exceed five hundred (500) dollars, or shall be imprisoned not more than one year, or both: *And, provided, further,* that a judgment in favor of the party aggrieved, or punishment upon an indictment, shall be a bar to either prosecution respectively."

It is apparent that the act itself provides a civil and

a criminal remedy for the violation thereof. The party aggrieved may also maintain his action on the case to recover the penalty prescribed. *Baylies v. Curry*, 128 Ill. 287. The action of mandamus may also be resorted to in proper cases. *People v. Board of Education*, 127 Ill. 613; *People v. Mayor and Common Council of Alton*, 179 Ill. 615; 209 Ill. 461.

The personal rights of complainants which they claim were violated were such as were given to them by statute, which also provides a remedy for such violation, and they should seek redress in the manner prescribed by the statute and not in a court of equity. The judgment of the Circuit Court is affirmed.

*Affirmed.*