BAILEY v. WASHINGTON THEATRE COMPANY ET AL.

[No. 27,520. Filed May 19, 1941.]

514

*F. W. Littlejohn, W. B. Ransom,* and *Robert Lee Brokenburr,* all of Indianapolis, for appellant.

*Condo, Van Atta, Batton & Harker,* of Marion, for appellees.

SWAIM, C. J.—The appellant filed a complaint against the appellees alleging, in the first paragraph thereof, a violation by the appellees of the Indiana Civil Rights Act (§ 10-901, § 10-902, Burns' 1933, § 4763, § 4764, Baldwin's 1934) by denying appellant admission to a

theater because of his being a negro. An additional paragraph of complaint alleged special damages, in excess of the $100.00 maximum provided by the statute, on the theory that his exclusion from the theater gave him a common-law action without regard to the action for the violation of said statute.

When the appellant appeared at the theater he was accompanied by his wife, who was also excluded. The appellant and his wife each filed a suit for damages alleged to have resulted from such exclusion. The complaints were almost identical except that in the wife's complaint her exclusion and damage to her were alleged. The wife's case was tried by a jury, a verdict was returned and judgment rendered thereon for the appellees and against the wife. Thereafter, on the motion of the appellees, the appellant's case was dismissed by the court on the theory that the exclusion of the husband and his wife constituted but one violation of the statute; and that the verdict and judgment for the appellees in the wife's case precluded the appellant from maintaining this action seeking a recovery of damages for his exclusion.

The assignments of error relating to the dismissal of the appellant's action present the question as to whether the appellant and his wife had separate and independent actions under the statute.

The appellees insist that the exclusion of the husband and the wife at the same time and at the same place could constitute but one violation of the statute and could subject the appellees to but one penalty and that the determination of the wife's case in favor of the appellees is a bar to the husband's action for the same violation. With this contention we cannot agree.

The appellees to support their position rely on *Central Railroad of New Jersey* v. *Green* (1878), 86 Pa. St. 427, 27 Am. R. 718, wherein it was held that a recovery by a wife against a railroad company, for her exclusion from a railway car on account of her race was a bar to an action by her husband for his exclusion which occurred at the same time. The court based that decision on its interpretation of the Pennsylvania statute; March 22, 1867; P. L. 38, § 1 and § 2. The statute there involved provided for the recovery, in an action of debt against the railway company, of the sum of $500.00 for the exclusion of "any person *or persons,* on account of color or race" (Our italics.), thereby indicating an intention by the Pennsylvania legislature to have the exclusion of one or more persons at the same time constitute one offense. The provision there for a flat sum of $500.00 to be recovered is also a significant circumstance which the court considered.

Our statute (§ 10-901, Burns' 1933, § 4763, Baldwin's 1934), on the other hand, seems to clearly indicate an intention by our Legislature to make the exclusion of each person a separate offense. Said statute provides that, "All persons . . . shall be entitled to the full and equal enjoyments of the accommodations, advantages, facilities and privileges of . . . theaters . . . subject only to the conditions and limitations established by law and applicable alike to all citizens." The next section (§ 10-902, § 4764, *supra*) provides: "Any person who shall violate any of the provisions of the foregoing section by denying to *any* citizen . . . any of the accommodations, advantages, facilities or privileges in said section enumerated . . . shall, for every such offense, forfeit and pay a sum not to exceed $100.00 to person aggrieved thereby, . . ." (Our italics.) The purpose of the statute is to guarantee to

"all persons," that is to each person, certain personal rights regardless of his race or color. The statute provides for a recovery against any person who denies, because of race or color, to any citizen, not to one or more citizens, any of these personal rights. It would seem clear, therefore, that in this case there were two violations of the statute if the appellant and his wife were each excluded because of race or color.

The statute further provides that the one so violating such statute shall for *every such offense*, forfeit and pay a sum not to exceed $100.00 to person aggrieved thereby, thus providing for a separate action by each person excluded for the recovery of a sum not to exceed $100.00.

It is true that this is a penal statute and should be strictly construed but strict construction does not require us to ignore the plain meaning of the statute. If, as alleged in the appellant's complaint, he was excluded from the theater because of his race he was entitled to recover under the statute regardless of the fact that his wife had failed in her action. In her case the jury may have found that she was not actually excluded; or that, if excluded, it was not because of her race or color. Since the appellant's exclusion constituted a separate offense and gave him a separate right of action he was entitled to a trial of his action regardless of the result in the wife's case.

The appellees also stress the last provision of said statute, which is as follows: "That a judgment in favor of the party aggrieved, or punishment or committal upon an indictment, affidavit or information, shall be a bar to further or other prosecution or suit." This provision, of course, applies to one violation. The payment of one recovery or one fine could not be inter-

preted as giving the wrongdoer a license for other violations of the statute without any penalty attaching to such violations.

The only other question presented by the assigned errors relates to the action of the court in striking out parts of the fourth paragraph of the appellant's complaint. This paragraph proceeded on the theory that, in addition to the statutory action, the appellant had a common-law action of tort for his exclusion; and that the damages recoverable in such common-law action were not limited to the sum of $100.00. The parts of the complaint struck out were allegations tending to show damages in an amount in excess of $100.00 arising from his exclusion. The appellant on this point is relying particularly on *Ferguson* v. *Gies* (1890), 82 Mich. 358, 46 N. W. 718; *Anderson* v. *Pantages Theatre Co.* (1921), 114 Wash. 24, 194 P. 813; and *Piluse* v. *Spencer* (1918), 36 Cal. A. 416, 172 P. 412.

The Ferguson case, *supra,* involved discrimination against a colored person in a restaurant, and the Anderson case, *supra,* involved the exclusion of a negro from a theater. Both of these cases were based on statutes which made it a misdemeanor to discriminate against any person because of race, creed or color, but which did not provide a specific remedy for the person aggrieved by such discrimination. In both of these cases the court recognized the general rule that where a statute imposes upon a person a specific duty for the protection or benefit of another, the person neglecting or refusing to perform such duty is liable to such other person for any injury or detriment caused by such neglect or refusal, if such injury or detriment is of the kind which the statute was intended to prevent. Where, however, as in the instant case, the statute in addition to imposing the duty provides a specific remedy for the

person aggrieved by its violation and fixes the maximum amount recoverable by such aggrieved person, that remedy is thereby made the exclusive remedy of the injured person for the breach of such duty and the recovery cannot be for an amount larger than the maximum fixed by the statute.

*Piluse* v. *Spencer, supra,* cited by the appellant as an authority holding that there can be a recovery larger than the amount fixed by the statute, was an action on a statute which provided for damages to the aggrieved person "in an amount not less than $50.00," thereby fixing a minimum rather than a maximum recovery.

In *Anderson* v. *Pantages Theatre Co., supra,* the court also recognized the general rule that at common law the operation of a theater is a private business and that in the absence of a statute anyone may be arbitrarily excluded therefrom.

The general common-law rule thereon is stated in 10 Am. Jur. § 22, page 915, as follows:

"The proprietor of a theater, unlike a carrier of passengers, is engaged in a strictly private business. He is under no implied obligation to serve the public and, in the absence of statute, is under no duty to admit everyone who may apply and be willing to pay for a ticket. The fact that the business is carried on under a license is generally regarded as not changing the character of the business from a private to a public one. Clearly, in the absence of legislation to the contrary, the owner or manager of a place of public amusement may make and enforce a rule requiring colored persons to occupy separate seats and a separate portion of the building from white persons."

We cannot agree with the appellant that the exclusion of a person from a theater because of his race or color

gives such person a right of action under the common law of this state, nor can we agree that for the mere exclusion in such a case the person excluded can recover damages in an amount greater than the maximum fixed by the statute.

By this holding we do not mean to indicate that one, who is excluded in violation of such statute, would not have a common-law right of action for his actual damages arising from any tort to which he is subjected in connection with such exclusion.

For the error of the trial court in dismissing the appellant's complaint the judgment herein is reversed and the cause is remanded for further proceedings in conformity with this opinion.

NOTE.—Reported in 34 N. E. (2d) 17.