Zimmerman, J.
In the case of Madden v. Queens County Jockey Club, Inc., 296 N. Y., 249, 253, 72 N. E. (2d), 697, 698, 1 A. L. R. (2d), 1160, 1162, the generally recognized rule is stated as follows:
“At common law, a person engaged in a public calling, such as innkeeper or common carrier, was held to be under a duty to the general public and was obliged to serve, without discrimination, all who sought service. * * * On the other hand, proprietors of private enterprises, such as places of amusement and resort, were under no such obligation, enjoying an absolute power to serve whom they pleased. * * *
*153 “The common-law power of exclusion, noted above, continues until changed by legislative enactment.” (Emphasis supplied.)
See, also, Bailey v. Washington Theatre Co., 218 Ind., 513, 34 N. E. (2d), 17; annotation, 1 A. L. R. (2d), 1165; and 10 American Jurisprudence, 915, Section 22.
It will thus be observed that the owner or operator of a private amusement park or place of entertainment may arbitrarily and capriciously refuse admittance to whomsoever he pleases, be they Africans, Chinese, East Indians, Germans, Italians, Poles, Eussians or any other racial group, in the absence of legislation requiring him to admit them.
No constitutional question is involved in the present case, and counsel for plaintiff frankly concede that, if there were no statute on the subject, plaintiff would have no redress because of her exclusion from defendant’s establishment. It becomes at once important then to examine the Ohio statutes governing the situation.
Section 12940, General Code (Section 2901.35, Eevised Code), recites:
“Whoever, being the proprietor or his employee, keeper or manager of an inn, restaurant, eating house, barber shop, public conveyance by air, land, or water, theater, store or other place for the sale of merchandise, or any other place of public accommodation or amusement, denies to a citizen, except for reasons applicable alike to all citizens and regardless of color or race, the full enjoyment of the accommodations, advantages, facilities or privileges thereof, or, being a person who aids or incites the denial thereof, shall be fined not less than 50 dollars nor more than 500 dollars or imprisoned not less than 30 days nor more than 90 days, or both. ’ ’
Section 12941, General Code (Section 2901.35, Eevised Code), provides:
“Whoever violates the next preceding section shall also pay not less than 50 dollars nor more than 500 dollars to the person aggrieved thereby to be recovered in any court of competent jurisdiction in the county where such offense was committed.”
And Section 12942, General Code (Section 2901.36, Eevised Code), recites:
*154 “Either a judgment in favor of the person aggrieved, or the punishment of the offender upon an indictment under the next two preceding sections, shall be a bar to further prosecution for a violation of such sections. ’ ’
Statutes like those quoted above as they pertain to privately owned and operated places of amusement or entertainment create new rights, where none existed before, and prescribe remedies or penalties for the violation of those rights.
In the first paragraph of the syllabus in the case of Commissioners v. Bank of Findley, 32 Ohio St., 194, this court held:
“Where a statute creates a new offense by prohibiting and making unlawful anything which was lawful before, and provides a specific remedy against such new offense (not antecedently unlawful) by a particular sanction and method of proceeding, that method of proceeding, and none other, must be preserved [pursued].”
The proposition is stated a little differently in the second paragraph of the syllabus in the case of City of Zanesville v. Fannan, 53 Ohio St., 605, 42 N. E., 703, 53 Am. St. Rep., 664, as follows:
“Where a statute which creates a new right, prescribes the remedy for its violation, the remedy is exclusive; but when a new remedy is given by statute for a right of action existing independent of it, without excluding other remedies already known to the law, the statutory remedy is cumulative merely, and the party may pursue either at his option. ’ ’
Plaintiff insists that the penalties provided for a violation of Section 12490, General Code, are inadequate and that resort may be had to equity for the full and complete realization of her rights. The trouble with this argument is that we are dealing strictly with a legislative problem. If plaintiff should have a remedy or remedies in addition to those now afforded, the General Assembly is the agency to say so. Where the General Assembly by statute creates a new right and at the same time prescribes remedies or penalties for its violation, the courts may not intervene and create an additional remedy.
In other words, the General Assembly established the right asserted by plaintiff and then definitely fixed the methods whereby the violator of that right might be punished. That punish *155 ment could be inflicted by pursuing one of two courses but not both. An additional remedy by way of injunction was not contemplated by the General Assembly and may not arbitrarily be invoked by the courts. For some unexplained reason the plaintiff has not seen fit to take advantage of either of the two remedies clearly provided by the General Assembly. Instead she asks the courts to indulge in judicial legislation by supplying still a third remedy — manifestly a task for the General Assembly alone.
True, the Court of Common Pleas is a tribunal created by the Constitution, but Section 4, Article IY of that instrument, expressly states that “the jurisdiction of the Courts of Common Pleas, and of the judges thereof, shall be fixed by law.” Although the Court of Common Pleas is a court of general jurisdiction, the jurisdiction it may exercise must be found either expressly or by necessary implication in statutory enactments. If the General Assembly has provided a remedy for the enforcement of a specific new right, a court may not on its own initiative apply another remedy it deems appropriate.
As presently applicable to the Court of Common Pleas, the following language of Judge Hitchcock in the case of Way v. Hillier, 16 Ohio, 105, 107, is pertinent:
“The courts, it is true, are created by the Constitution. They are by the same Constitution made capable of receiving jurisdiction. But that jurisdiction and its extent, and the manner of exercising it, must be prescribed by the lawmaking power. ’ ’
Here the General Assembly granted by the enactment of Section 12940, General Code, new rights and provided two remedies or penalties and only two for their violation, either of which may be pursued. If it had intended to make other remedies available it would hardly have required an election between the two remedies specifically prescribed. Certainly, if it had so wished the General Assembly could have stipulated the additional remedy of injunction for the enforcement of Section 12940, General Code (Section 2901.35, Revised Code), as was done for instance in Section 713.13, Revised Code, relating to the violation of zoning ordinances, but it did not do so.
Plaintiff, in insisting that the courts may invoke and ap *156 ply the remedy of injunction to ensure her the right of entry into the defendant’s amusement park, notwithstanding the General Assembly did not make that remedy available, cites and relies on the cases of Kenyon v. City of Chicopee, 320 Mass., 528, 70 N. E. (2d), 241, 175 A. L. R., 430; Orloff v. Los Angeles Turf Club, Inc., 30 Cal. (2d), 110, 180 P. (2d), 321, 171 A. L. R., 913; Everett v. Harron, 380 Pa., 123, 110 A. (2d), 383.
Suffice it to say that those cases were decided under facts dissimilar to those existing in the present case or under statutory enactments different from those prevailing in Ohio. And we find nothing sufficiently persuasive in the reasoning of the cited cases to cause us to change our position, namely, that the remedies or penalties provided for a violation of those parts of Section 12940, General Code, in issue are exclusive, and that the adequacy of the same is a matter for legislative determination. Compare White v. Pasfield, 212 Ill. App., 73, and Woollcott v. Shubert, 169 App. Div., 194, 154 N. Y. Supp., 643.
In summary, the decision in this case rests squarely on the proposition that at common law those who own and operate private places of amusement and entertainment can admit or exclude whomsoever they please, and that, since such establishments are open to all only through legislative enactments, those enactments govern the situation, and where as a part of those enactments a specific remedy or penalty is prescribed for their violation, such remedy or penalty is exclusive; the adequacy or appropriateness thereof being a matter of legislative concern. This decision is limited to this precise point and should be so read and appraised.
It should be obvious that the present case bears no relation whatsoever to the problem of the segregation of pupils in the public schools, or to the exclusion of a qualified person from an institution of higher learning supported by public funds or of a person from a publicly owned or operated park or recreation facility, because of his race or color.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Stewart, Bell and Taet, JJ., concur.
Matthias and Hart, JJ., dissent.