MARTIN C. CAMPBELL *v.* STATE OF INDIANA.

[No. 1170S271. Filed July 19, 1971.]

*Henry J. Price, Jon D. Noland, Barnes, Hickman, Panzer &
Boyd*, of Indianapolis, for Appellant.

*Theodore L. Sendak*, Attorney General, *David H. Kreider*,
Deputy Attorney General, for Appellee.

ARTERBURN, C.J.—On March 19, 1970, the appellant was
arrested in the Marion County Selective Service Office. On
March 20, 1970, he was charged by affidavit with violation of
Burns' (1970 Supp.) § 10-4534. On April 22, 1970, trial was
held before the Marion County Municipal Court, Room Num-
ber 9. The Court found the defendant guilty as charged and,
on April 24, 1970, entered judgment thereon. The Court sen-
tenced the appellant to one hundred and eighty [180] days on
the Indiana State Farm and fined him in the sum of one hun-
dred [$100.] dollars plus the cost of the prosecution, assessed
to be fifteen [$15.] dollars. On July 1, 1970, the record of the
Municipal Court proceeding was received by Marion Criminal
Court, Division 2, for review pursuant to Burns' (1970 Supp.)
§ 4-5811. On August 20, 1970, a hearing on the appeal was
held in Marion Criminal Court, Division 2, before Judge Saul
I. Rabb. The judgment of the Marion County Municipal Court,
Room 9, was affirmed in part and reversed in part. The judg-
ment reads as follows:

"IT IS THEREFORE ORDERED, ADJUDGED AND
DECREED by the Court that the judgment will be affirmed

insofar as the 180 days on Indiana State Farm. Reversed as to the Fine."

The statement of the facts, as set forth by the appellee in its brief are as follows:

"During the week of March 16, 1970, the Indianapolis Stop the Draft Project undertook an intensive effort to demonstrate their opposition to the draft. . . . Realizing the unusual problems which might attend this kind of protest, the Director of the Indiana State Headquarters—Selective Service System assigned members of the State Headquarters staff to the office of the Marion County Local Board. . . . The Local Board leases and occupies all of the third floor of the Wulsin Building which is located at 222 E. Ohio.

"Early Thursday of the week of protest by the Stop the Draft Project, the defendant, Martin Campbell, entered the local office and sat in one of the chairs in the reception area. . . . He had no business to conduct with the office staff. . . . He was wearing a placard which read 'Draft Counselor.' As a result of the week of protest, there was a great deal of unrest among the employees in the office. Many demonstrators had earlier come into the office causing much disturbance. . . . The employees were very apprehensive about what would happen next . . . When the defendant appeared at this time during this hectic week, everyone in the office was very nervous and found it difficult to perform normally in spite of requests from their supervisor, Mary King. . . .

"About 9 A.M., Colonel Ralph Herrold, of the State Headquarters staff, arrived at the local office. He had been sent there this week that had been announced as a 'whole week of harassment of the Selective Service System . . . to make sure there were no problems the girls couldn't handle. . . .' Colonel Herrold read to him Burns' Ann. Stat. (1970 Supp.) § 10-4534 which makes it a misdemeanor 'to go upon or remain within a public building for the purpose of interfering with the lawful use of such building by other persons or in such manner as to have the effect of denying to others the lawful use of such building.' After warning the defendant that he would be arrested if he failed to leave in five minutes, he read again the statute to him. When he still refused to leave, Sergeant Wilkinson, of the Indianapolis Police Department, who had arrived with another officer in response to a call from Colonel Herrold, arrested him."

Appellant contends that the statute under which he was charged and convicted is unconstitutional. We cannot agree

with appellant's contention that the statute is unconstitutional but are compelled to reverse the appellant's conviction simply because the facts presented are insufficient to justify the conviction under the statute. Burns § 10-4534, under which the appellant was convicted reads as follows:

"It shall be a misdemeanor for any person to go upon or remain within a public building for the purpose of interfering with the lawful use of such building by other persons or in such manner as to have the effect of denying to others the lawful use of such building." [Acts 1969, ch. 179, § 4, p. 457]

The right of free expression, guaranteed by the First Amendment to the Constitution of the United States, exists but as a unitary portion of a group of corollary rights, each of which can only be exercised to the extent that such does not encroach upon or erode the others. The States, within the limitations imposed by the due process and equal protection requirements of the Fourteenth Amendment to the Constitution of the United States, may regulate and restrain the exercise of the freedom of expression, thereby insuring to all the freedom from the abusive exercise of the rights of others, including the right of free expression. Burns § 10-4534, *supra,* is such an exercise of the States' powers to restrain the abusive exercise of certain rights. We are supported in this statement by a recent United States Supreme Court case, *Cohen* v. *State of California* June 7, 1971, No. 299. In that case the defendant was charged with disorderly conduct in a public place solely by reason of a jacket he wore that had displayed on it a four-letter expletive condemning the draft. The Court held that the State could not, consistent with the First and Fourteenth Amendments, make such an act a criminal offense. The case before us, is weaker in our opinion than the foregoing instance. However, the constitutionality of the statute in this case in our opinion is not in issue since in light of the facts set forth no violation of the statute is evident. There are no facts from which it could reasonably be concluded that the appellant went to the Selective Service Office "for the

purpose of interfering with the lawful use of such building by other persons." The facts disclose that the appellant was alone, quietly sitting in one of several chairs in the reception area of the office. He had a small three by five inch card attached to his shirt which had printed on it "draft counselor." Although not set forth in appellee's statement of the facts, the evidence does show that several persons conducted business in the office while the appellant was sitting in the chair. The appellant talked to no one, except a secretary, who asked him what he was doing there. In short, there is absolutely no evidence to show that the appellant intended to interfere with the business of the office or with the right of persons to enter or leave. There is no evidence that he was loud or boisterous, that he obstructed anyone entering or leaving the office or did anything whatsoever, than sit quietly in a chair. Such conduct in our opinion cannot be a criminal offense, unless done in a conspiracy with a group of such size as to interfere with the use of a public building or office therein. It is also irrelevant that the office employees were nervous during a hectic week, there being no evidence that the appellant was responsible for such condition.

Judgment of the trial court is reversed with direction to enter judgment for the appellant.

ALL JUDGES CONCUR.

NOTE.—Reported in 271 N. E. 2d 463.