**Dennis WILHOITE, Appellant,**

v.

**MELVIN SIMON & ASSOCIATES, INC., Management of Mounds Mall, Joe Garrett and Kenneth I. Shirley, Appellees.**

**No. 48A02–9301–CV–14.**

Court of Appeals of Indiana,
Second District.

Sept. 12, 1994.

Kris Meltzer, Bate, Harrold & Meltzer, Shelbyville, for appellant.

Nicholas C. Nizamoff, James A. Mellowitz, White & Raub, Indianapolis, for appellees.

SULLIVAN, Judge.

Dennis Wilhoite appeals the trial court's dismissal of his *pro se* complaint under Rule 12(B)(6) of the Indiana Rules of Trial Procedure. The only issue for our review is whether the trial court erred in finding that Wilhoite failed to state a claim upon which relief could be granted.

This controversy arose from an "incident" that occurred at Mounds Mall involving Wilhoite.[1] The record is devoid of any explanation of that incident. M.S. Management Company sent Wilhoite a certified letter stating that he was barred from Mounds Mall for an indefinite period of time and would be arrested by the Anderson police should he return. Wilhoite filed suit against Melvin Simon & Associates, the Management of Mounds Mall, Joe Garrett, and Kenneth Shipley (hereinafter "the Mall") for "Illegal And False Barring From Mounds Mall." Record at 7. On October 1, 1992, the trial court granted the defendants' T.R. 12(B)(6) motion for dismissal.

Review of a dismissal under T.R. 12(B)(6) is *de novo,* and thus deference is not required with regard to the trial court's decision. *Near Eastside Community Organization v. Hair* (1990) 4th Dist.Ind.App., 555 N.E.2d 1324; *Inland Steel v. Pequignot* (1993) 4th Dist.Ind.App., 608 N.E.2d 1378, *trans. denied.* We must determine whether the complaint states any facts upon which the trial court could have granted relief, reviewing the complaint in the light most favorable to the non-movant. *Bowman v. Bowman* (1991) 1st Dist.Ind.App., 567 N.E.2d 828; *Hoosier Plastics v. Westfield Sav. & Loan Ass'n* (1982) 2d Dist.Ind.App. 433 N.E.2d 24. In determining whether any facts will support the claim, we may look only to the complaint and may not resort to any other evidence in the record. *Hoosier Plastics, supra* at 27.

Wilhoite suggests that as a *pro se* complainant, he should be held to a more lenient standard. He cites federal case law to support his contention. However, our Supreme Court has held that a *pro se* litigant must adhere to the same procedural rules as a litigant represented by counsel. *Morvilius v. Delaware Circuit Ct.* (1961) 241 Ind. 704, 171 N.E.2d 695; *Nesses v. Specialty Connectors Co.* (1990) 1st Dist.Ind.App., 564 N.E.2d 322.

## I. *Due Process Claim*

Wilhoite's theory of recovery is that he was denied due process of law. In support of his due process claim, Wilhoite points to the fact that the letter barring him from Mounds Mall did not describe the alleged incident and that the Mall provided no method by which he could challenge his exclusion. Wilhoite refers to "due process" generically and does not claim specific protection either from the U.S. or the Indiana Constitution. He cites only federal cases however. We confine our analysis, therefore, to the U.S. Constitution. The Fourteenth Amendment of the U.S. Constitution provides, in part, that no state shall "deprive any person of life, liber-

---

1. A letter to Wilhoite referring to "the incident" is attached to the complaint and thus became a part of the complaint for 12(B)(6) purposes. *See*

*Gregory and Appel, Inc. v. Duck* (1984) 2d Dist. Ind.App., 459 N.E.2d 46, 50.

ty, or property, without due process of law[.]"

■ In order to prove a violation of his due process rights, Wilhoite must first prove that he has been deprived of a liberty or property interest. *Leis v. Flynt* (1979) 439 U.S. 438, 99 S.Ct. 698, 58 L.Ed.2d 717; *McQueeny v. Glenn* (1980) 1st Dist.Ind.App., 400 N.E.2d 806, *cert. denied* (1981) 449 U.S. 1125, 101 S.Ct. 943, 67 L.Ed.2d 112. Only when a party has been deprived of a property or a liberty interest may that party claim denial of due process. There is no independent due process right absent a liberty or a property claim. *Rodic v. Thistledown Racing Club, Inc.* (1980) 6th Cir. 615 F.2d 736, *cert. denied* (1980) 449 U.S. 996, 101 S.Ct. 535, 66 L.Ed.2d 294.

A. *Property Interest*

■ Under no set of facts can Wilhoite establish that he has a property interest in access to Mounds Mall. Due process protection is not limited to interests in real property, it also extends to benefits and privileges. *Board of Regents v. Roth* (1972) 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548. Nevertheless, only those benefits so well-established that parties are justified in relying upon them are worthy of constitutional protection. *Id.* Therefore, only benefits created by state and federal law or other similar source are concrete enough to support a claim of reliance. *Id.* "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a *legitimate claim of entitlement* to it." *Kellogg v. City of Gary* (1990) Ind., 562 N.E.2d 685, 693, *citing Board of Regents, supra* at 577, (emphasis in original). Where parties have justifiably relied upon these state or federally-granted privileges, a state may not arbitrarily deny these privileges, but instead must afford due process.

To support his claim of a property interest, Wilhoite asserts that he can no longer use the accounts he has with businesses located in the Mall. This would not constitute proof of a fact which would entitle him to recovery upon his complaint. Wilhoite does not allege that the Mall has confiscated his charge cards and the fact that he is not able to use his charge cards on Mall property is incidental only to his expulsion. The only thing of which the Mall has deprived Wilhoite is access to its facilities.

■ Neither state, federal, or common law grants Indiana citizens a property interest in access to private property. At common law, a proprietor of a privately-owned amusement may exclude whomever he wishes for any reason, or for no reason whatsoever. *Marrone v. Washington Jockey Club* (1912) 227 U.S. 633, 33 S.Ct. 401, 57 L.Ed. 679. In *Marrone* the United States Supreme Court held that the plaintiff, who had been denied admission to a privately-owned racetrack, had no cause of action against the owner, except to recover the price of the ticket. 227 U.S. at 636. In dealing with a similar situation, the Sixth Circuit stated, "There is no federal law of which we are aware creating a general right to be admitted to racetracks." *Rodic, supra*, 615 F.2d at 740. In *Bailey v. Washington Theatre Co.* (1940) 218 Ind. 513, 520, 34 N.E.2d 17, the Supreme Court of Indiana held that the arbitrary exclusion of a patron from a privately-owned theatre was not actionable absent a statute prohibiting such exclusion.

The same analysis applies to privately-owned shopping centers. While shopping at the local mall has become the new American pastime, it is not a state or federally-granted privilege. There is no law, rule, or understanding stemming from Indiana law, federal law or other source creating a right to be admitted to private property. We do not doubt that Wilhoite has a strong desire to shop at Mounds Mall. However, desire alone is not enough. Absent a benefit grounded in law or tradition, there is no property right.

B. *Liberty Interest*

■ Neither can Wilhoite's claim be sustained based upon a denial of liberty. Liberty interests are created by the U.S. Constitution, as well as other state and federal laws. These liberties may not be denied absent due process. The exercise of the First Amendment right to free speech and

religion, the Second Amendment right to bear arms, the right to marry, and the right to raise one's own child are the type of liberty interests protected by the Due Process Clause. *Matter of Adoption of Topel* (1991) 1st Dist.Ind.App., 571 N.E.2d 1295; *Kellogg, supra,* 562 N.E.2d 685; *Campbell v. State* (1971) 256 Ind. 630, 271 N.E.2d 463; *Board of Zoning Appeals of Decatur v. Decatur, Ind. Co. of Jehovah's Witnesses* (1954) 233 Ind. 83, 117 N.E.2d 115. *Accord Lynk v. LaPorte Superior Ct. No. 2* (1986) 7th Cir., 789 F.2d 554.

The liberty interest involved here is a right of access to private property. No source for such a liberty interest may be found in federal law. Barring state law to the contrary, the U.S. Constitution does not "create rights to the use of private property by strangers[.]" *PruneYard Shopping Center v. Robins* (1980) 447 U.S. 74, 81, 100 S.Ct. 2035, 2041, 64 L.Ed.2d 741. "Even ... the Civil Rights Act ... creates only a right not to be discriminated against on the basis of race, color, religion, or national origin; it does not purport to guarantee admission [to private property]." *Rodic, supra,* 615 F.2d at 740. In *Rodic,* the plaintiff, as does Wilhoite, sued for failure to provide a hearing on the validity and duration of his exclusion from a privately owned racetrack. The Sixth Circuit upheld the grant of a 12(B)(6) motion to dismiss, holding that the plaintiff did not have a liberty or a property interest in a privately-owned place of amusement. *Id.* Like the Sixth Circuit, we are unprepared to hold that the right to shop has become an inalienable right on the same level as the right to free speech and religion, the right to marry, the right to bear children, and the like.

Nor does Indiana state law create a liberty interest in access to private property which the U.S. Constitution protects. Some states have held that their own constitutions provide greater protection than the U.S. Constitution. In the *PruneYard Shopping Center* case the California Supreme Court had held that its constitution granted greater rights in political speech than the federal, thus creating a liberty interest in political expression on private property. *Robins v. PruneYard Shopping Center* (1979) 23 Cal.3d 899, 153 Cal.Rptr. 854, 860, 592 P.2d 341, 347, *aff'd.* (1980) 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741. Accordingly, the California court held that a shopping mall could not enforce a uniform policy prohibiting noncommercial public expression against those demonstrating against the Vietnam War. *Id.* In reviewing *PruneYard,* the U.S. Supreme Court reiterated its position that the U.S. Constitution does not provide such sweeping protection and does not grant the right of access to private property even for those attempting to exercise such fundamental rights as free speech and political expression. *PruneYard, supra,* 447 U.S. at 80–81, 100 S.Ct. at 2040–41 (discussing *Hudgens v. NLRB* (1976) 424 U.S. 507, 96 S.Ct. 1029, 47 L.Ed.2d 196 and *Lloyd Corp., Ltd. v. Tanner* (1972) 407 U.S. 551, 92 S.Ct. 2219, 33 L.Ed.2d 131). The specific holding in *PruneYard,* however, was that the greater protection afforded individuals by the California Constitution did not constitute a violation of the shopping center owner's federal Fourteenth Amendment rights.

Other states have followed California's lead in holding that their own constitutions provide greater protection than the federal Constitution, thus prohibiting private property owners from excluding those who engage in political or free-speech activity.[2] Other states have not.[3] Indiana does not grant its citizens a liberty interest with respect to access to private property. Accordingly, federal due process protections are not trig-

---

**2.** *See PruneYard, supra,* 592 P.2d at 347; *State v. Cargill* (1990) 100 Or.App. 336, 786 P.2d 208; *Batchelder v. Allied Stores Intern., Inc.* (1983) 388 Mass. 83, 445 N.E.2d 590; *Bock v. Westminster Mall Co.* (1991) Colo., 819 P.2d 55; *State v. Schmid* (1980) 84 N.J. 535, 423 A.2d 615, *appeal dismissed* (1982) 455 U.S. 100, 102 S.Ct. 867, 70 L.Ed.2d 855.

**3.** *State v. Felmet* (1981) 302 N.C. 173, 273 S.E.2d 708; *Cologne v. Westfarms Associates* (1984) 192 Conn. 48, 469 A.2d 1201; *SHAD Alliance v. Smith Haven Mall* (1985) 66 N.Y.2d 496, 498 N.Y.S.2d 99, 488 N.E.2d 1211; *Woodland v. Michigan Citizens Lobby* (1985) 423 Mich. 188, 378 N.W.2d 337; *Western Pennsylvania Socialist Workers 1982 Campaign v. Connecticut General Life Ins. Co.* (1986) 512 Pa. 23, 515 A.2d 1331.

gered. Once again, it is important to note that Wilhoite does not seek the protection of the Indiana Constitution. Even were it otherwise, Indiana courts have construed the "due course of law" protection of Article I, Section 12 of the Indiana Constitution as analogous to the federal due process clause. *See Scalf v. Berkel, Inc.* (1983) 2d Dist.Ind. App., 448 N.E.2d 1201. In any event, Wilhoite concedes that this case does not involve the fundamental rights of free speech, demonstrations, picketing, or political solicitation.

### D. *Private Property*

 Wilhoite claims that because the Mall opens itself to the public, it loses its character as private property. The U.S. Supreme Court has rejected this argument:

> "Nor does property lose its private character merely because the public is generally invited to use it for designated purposes. Few would argue that a free-standing store, with abutting parking space for customers, assumes significant public attributes merely because the public is invited to shop there. Nor is size alone the controlling factor. The essentially private character of a store and its privately owned abutting property does not change by virtue of being large or clustered with other stores in a modern shopping center." *Lloyd Corp. v. Tanner, supra,* 407 U.S. 551, at 570, 92 S.Ct. 2219, at 2229.

Wilhoite cannot demonstrate that he has been denied a property or a liberty interest under any reasonable set of facts. Therefore, his due process claim must fail. Because Wilhoite has not met the first hurdle of a due process claim, it is unnecessary to determine whether the Mall can be considered a state-actor as required under due process analysis.

### II. *Equal Protection*

 The complaint is insufficient to state an equal protection claim. The title of the complaint is "Complaint For Illegal And False Barring From Mounds Mall." In the complaint itself, Wilhoite denies any incident that would require his barring and states that the barring was arbitrary, capricious, malicious and intentional.

The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." At no point does Wilhoite allege that he was treated differently than other patrons similarly situated. He does not allege that other patrons accused of being involved in incidents were not barred from the mall or were afforded procedural methods of challenge to the Mall's determination. Nor does he allege that his expulsion was based upon improper criteria. The entire gist of Wilhoite's complaint is not that he was discriminated against, rather that he was barred without a hearing. In *Rodic, supra,* the Sixth Circuit refused to consider an equal protection argument where the plaintiff only alleged denial of due process and did not allege exclusion based upon impermissible criteria. 615 F.2d at 740. Quite simply, Wilhoite has alleged no facts from which it could be inferred that he was discriminated against or treated unequally.

In dismissing the complaint, the trial court stated, "While the law prohibits invidious discrimination based upon race, national origin, and sex, there is nothing in the Complaint to suggest such an allegation." Record at 31. We agree. Because nothing in the complaint places the defendant on notice that Wilhoite alleges a denial of equal protection, his claim cannot be sustained on this theory.

The judgment is affirmed.

KIRSCH and BAKER, JJ., concur.