John R. REED, Jr., Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A05–0301–PC–20.

Court of Appeals of Indiana.

Sept. 30, 2003.

John R. Reed, Jr. Tell City, IN, Appellant Pro Se.

Steve Carter, Attorney General of Indiana, Zachary J. Stock Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

NAJAM, Judge.

### STATEMENT OF THE CASE

On December 1, 1992, John R. Reed, Jr. pleaded guilty to Conspiracy to Deal Cocaine With Intent to Deliver, a Class A felony, and on January 15, 1993, the trial court sentenced him to serve a term of thirty years. More than ten years later on December 20, 2002, Reed filed his "Verified Petition for Reduction of Sentence" under Indiana Code Section 35–38–1–17(b), seeking a four-year reduction of his sentence. On December 27, 2002, the trial court denied his petition because the State had not agreed to a sentence modification as required by Indiana Code Section 35–38–1–17(b). Reed then filed his Notice of Appeal.

But before this court acquired jurisdiction, Reed continued to litigate in the trial court. First, he filed a "Verified Motion to Reconsider Court's Jurisdiction to Modify Sentence" (hereinafter "first motion to correct error") and raised state and federal constitutional attacks on Indiana Code Section 35–38–1–17(b).[1] When the trial court denied that motion, he then filed a "Verified Motion to Correct Error and For a More Definite Finding of Facts and Conclusions of Law" (hereinafter "second motion to correct error"), asking the court to clarify its prior ruling, which the court also denied. This appeal ensued.[2]

## ISSUES

Reed presents the following issues for review:

1. Whether Indiana Code Section 35–38–1–17(b), which requires approval of the prosecuting attorney for any sentence modification filed 365 days after a defendant began serving his sentence, violates the Indiana Constitution's separation of powers provisions.

2. Whether the Marion County Prosecutor applies Indiana Code Section 35–38–1–17(b) in a manner which violates both the Indiana and United States Constitutions.

We affirm.

## DISCUSSION AND DECISION

### Statutory Framework and Standard of Review

Reed's constitutional challenges focus on the statutory requirement that the prosecutor approve a sentence modification which occurs more than 365 days after the defendant began serving the sentence imposed by the trial court. Specifically, Reed attacks Indiana Code Section 35–38–1–17(b), which provides:

> If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney. However, if in a sentencing hearing for a defendant conducted after June 30, 2001, the court could have placed the defendant in a community corrections pro-

---

**1.** In Reed's first motion to correct error, he correctly notes that under Indiana Appellate Rule 8, the Court of Appeals does not acquire jurisdiction over a case until the date the trial court clerk issues its Notice of Completion of Clerk's Record. Because the trial court clerk had not issued that notice on the date Reed filed both his first and second motions to correct error, the trial court had jurisdiction to rule on those motions.

**2.** Reed filed a premature Notice of Appeal. Specifically, he first filed his Notice of Appeal and then filed his first and second motions to correct error, both of which the trial court denied. As this court held in *Haverstick v. Banat*, 165 Ind.App. 275, 331 N.E.2d 791, 794 (1975), the premature filing of a preacipe does not defeat our jurisdiction. In that case, where a party filed a praecipe and then filed a motion to correct error, we determined that

"the prematurely filed praecipe was continuing in nature, was in effect when the motion to correct error[ ] was filed and subsequently denied, and therefore served to bring those matters into the record for appeal." *Id.* Because the Notice of Appeal replaces the praecipe, *see* Ind.App. Rule 2(I), we apply the reasoning in *Haverstick* here. Thus, while Reed's Notice of Appeal was premature, all matters raised in his subsequent motions to correct error, namely, his constitutional claims, are before us on appeal. *See Morse v. State*, 593 N.E.2d 194, 197 (Ind.1992) (observing that a party may raise the constitutionality of a criminal statute at any stage); *see also Beanblossom v. State*, 637 N.E.2d 1345, 1347 (Ind.Ct.App.1994) (addressing constitutional challenges to Indiana Code Section 35–38–1–17(b) raised by pro se defendant for first time on appeal), *trans. denied.*

gram as an alternative to commitment to the department of correction, the court may modify the defendant's sentence under this section without the approval of the prosecuting attorney to place the defendant in a community corrections program under IC 35–38–2.6.

As our supreme court stated in *State v. Costas*, 552 N.E.2d 459, 461 (Ind.1990):

> Appellate review of [state and federal] constitutional challenges to statutory enactments is governed by well-established principles[.] In considering [ ] constitutional challenges, we accord [the statute] with every reasonable presumption supporting its validity and place the burden upon the party challenging it to show unconstitutionality. Before a statute will be declared repugnant to the constitutions its fatal constitutional defects must be clearly apparent. A statute is not unconstitutional simply because the court might consider it born of unwise, undesirable, or ineffectual policies.

(Citation omitted).

## I. Separation of Powers

█ Reed first asserts that Indiana Code Section 35–38–1–17(b) violates Article I, Section 12, Article III, Section 1, and Article VII, Sections 1 and 8 of the Indiana Constitution and claims that the legislature has unconstitutionally divested the judiciary of its powers. He contends further that, under those constitutional provisions, the trial court in this case had jurisdiction to modify his sentence without approval of the prosecutor. We cannot agree.

As the State points out, although Reed may couch his arguments in somewhat different terms, this court has rejected the same or similar separation of powers argu-

ments Reed now presents in *Beanblossom v. State*, 637 N.E.2d 1345 (Ind.Ct.App. 1994), *trans. denied*, and, subsequently, in *Schweitzer v. State*, 700 N.E.2d 488 (Ind. Ct.App.1998), *trans. denied*. While Reed relies heavily on Judge Sullivan's concurring in result opinion in *Schweitzer*, Reed has not presented arguments to convince us that the majority opinions in *Beanblossom* and *Schweitzer* require reconsideration.[3] In addition, more recently in *State v. Fulkrod*, 753 N.E.2d 630, 633 (Ind.2001), our supreme court unambiguously held that, under Indiana Code Section 35–38–1–17(b), a trial court lacks jurisdiction to modify a defendant's sentence if more than 365 days have elapsed since that defendant began serving his sentence and the prosecutor does not approve the modification. Given the clear precedent on the constitutional attacks Reed raises, we reject his contention that Indiana Code Section 35–38–1–17(b) violates the separation of powers.

## II. I.C. § 35–38–1–17(b) as Applied in Marion County

Next, Reed maintains that subsection (b) of the statute, as applied in Marion County, violates Article I, Sections 12, 18 and 23 of the Indiana Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. In particular, Reed contends that the Marion County Prosecutor, through his office, discriminates against persons convicted and sentenced in Marion County by objecting to all requests for a sentence modification under Indiana Code Section 35–38–1–17(b). He claims that this alleged "blanket policy" violates our Constitution's "due course of law" provision under Article I, Section 12, constitutes "vindictive jus-

---

**3.** Judge Sullivan suggested in his concurring in result opinion that subsection (b) of the statute seems "to transfer the power to confer jurisdiction from the legislative branch to the executive branch in violation of Art. 3, § 1 of the Indiana Constitution." *Schweitzer*, 700 N.E.2d at 492–92 (Sullivan, J., concurring in result).

tice" in violation of Article I, Section 18, and discriminates against offenders who are tried in Marion County in violation of both Article I, Section 23 and the Equal Protection Clause.

■ However, Reed's as applied challenge must fail because there is no evidence in the record to support the factual allegation on which his constitutional arguments hinge, namely, that the Marion County Prosecutor has adopted a "blanket policy" of denying any request for a sentence modification under subsection (b). Without evidence in the record to support Reed's factual allegation, any opinion from this court examining the constitutionality of such a policy would be purely advisory in nature. This court does not render advisory opinions. *Lineberry v. State*, 747 N.E.2d 1151, 1155 (Ind.Ct.App.2001). Therefore, Reed's constitutional attack on the manner in which subsection (b) is applied in Marion County also fails.

Affirmed.

ROBB, J., and MATHIAS, J., concur.