Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 04 2013, 5:39 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**CYNTHIA M. CARTER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS ROBERTS, | ) | |
| Appellant-Defendant, | ) | |
| vs. | ) | No. 49A02-1304-CR-356 |
| STATE OF INDIANA, | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Marc Rothenberg, Judge
Cause No. 49G02-9710-CF-150126

**October 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Thomas Roberts ("Roberts") filed a motion in Marion Superior Court to modify his sentence, which the trial court denied. The trial court also denied Roberts's later motion to correct error. Roberts appeals and claims: (1) that the statute governing sentence modification is unconstitutional as applied to him, and (2) that the sentence modification statute violates Article 1, Section 23 of the Indiana Constitution.

We affirm.

**Facts and Procedural History**

The facts of this case appear to be undisputed. On March 16, 1999, Roberts pleaded guilty to one count of murder. On June 24, 1999, the trial court sentenced Roberts to a term of fifty-five years incarceration. Over thirteen years later, on January 4, 2013, Roberts filed a motion for modification of his sentence in which he requested that his sentence be reduced to forty-five years and that he be placed in a re-entry program. The Marion County Prosecutor's Office responded on January 31, 2013, noting that pursuant to Indiana Code section 35-38-1-17, the prosecuting attorney must consent to any sentence modification and that the prosecuting attorney had not given such consent to modify Roberts's sentence.

The trial court denied Roberts's motion on February 7, 2013, writing, "[t]he Court, under [Indiana Code section] 35-38-1-17 has no authority to modify Defendant's sentence under the current circumstances without the State's approval through the prosecuting attorney." Appellant's App. p. 60.

Roberts then filed a motion to correct error on March 11, 2013, claiming that the statutory requirement of prosecutorial approval of sentence modifications was

unconstitutional as applied to him and that he was not being treated the same as others who were similarly situated, in violation of the guarantee of "equal protection" contained in the Indiana Constitution. The State responded to this motion on March 15, 2013, countering Roberts's claims. The trial court then denied Roberts's motion to correct error on March 21, 2013. Roberts now appeals.

## Standard of Review

As a general rule, a trial court's ruling on a motion to correct error is reviewed only for abuse of discretion. Becker v. State, 992 N.E.2d 697, 700 (Ind. 2013). This deferential standard recognizes the trial court's superior position to resolve disputed facts. Id. But when, as here, a motion to correct error depends on a question of law, we review the trial court's resolution of that question *de novo*. Id.

## I. Due Process

On appeal, Roberts repeats his claim that the sentence modification statute is unconstitutional, at least as applied to him. The standard used to review claims that a statute is unconstitutional is well established: "every statute is presumed to comport with the Constitution until clearly overcome by a contrary showing." Schweitzer v. State, 700 N.E.2d 488, 490 (Ind. Ct. App. 1998), trans. denied (citing Boehm v. Town of St. John, 675 N.E.2d 318, 321 (Ind. 1996)). "'The party challenging the constitutionality of the statute bears the burden of proof, and all doubts are resolved against that party.'" Id. (quoting Boehm, 675 N.E.2d at 321). "If there are two reasonable interpretations of a statute, one of which is constitutional and the other not, we will choose that path which permits upholding the statute because we will not presume that the legislature violated

3

the constitution unless such is required by the unambiguous language of the statute."

Boehm, 675 N.E.2d at 321.

We also note that Roberts claims that the sentence modification statute is not unconstitutional on its face but only as applied to him.  A facial challenge to the constitutionality of a statute requires that the party claiming the unconstitutionality of the statute "demonstrate that there [is] no set of circumstances under which the statute can be constitutionally applied," whereas a challenge to the constitutionality of a statute as applied asks the reviewing court only to "declare the challenged statute or regulation unconstitutional on the facts of the particular case."  Harris v. State, 985 N.E.2d 767, 774 (Ind. Ct. App. 2013), trans. denied.

The statute at issue, the sentence modification statute, provides:

(a) Within three hundred sixty-five (365) days after:
   (1) a convicted person begins serving the person's sentence;
   (2) a hearing is held:
      (A) at which the convicted person is present; and
      (B) of which the prosecuting attorney has been notified; and
   (3) the court obtains a report from the department of correction concerning the convicted person's conduct while imprisoned;
   the court may reduce or suspend the sentence.  The court must incorporate its reasons in the record.

(b) *If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney.*  However, if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6. . . .

4

Ind. Code § 35-38-1-17 (emphasis added).

Roberts claims that this statute is unconstitutional as applied to him because the prosecutor's office denied Roberts's request for sentence modification without applying any objective criteria for its denial and without giving its reasons for the denial. Roberts acknowledges that our General Assembly has chosen to give the prosecutor discretion to approve or disapprove of sentencing modifications that occur more than a year after the defendant was sentenced. He claims, however, that there should be a fair process in place to govern that discretion.

In support of his position, Roberts cites Reed v. State, 796 N.E.2d 771 (Ind. Ct. App. 2003). In that case, the defendant claimed that the prosecutor in Marion County had a policy of denying all requests for sentencing modification and that this policy was unconstitutional. Specifically, he claimed that this alleged "blanket policy" violated the Indiana Constitution's "due course of law" provision under Article 1, Section 12, constitutes "vindictive justice" in violation of Article 1, Section 18, and discriminates against offenders who are tried in Marion County in violation of both Article I, Section 23 and the Equal Protection Clause of the federal Constitution.[1] The Reed court rejected this argument by noting that Reed had failed to produce any evidence to support his factual allegation of a blanket policy of denying requests for sentence modification. Id. at 775. Without such evidence in the record, "any opinion from this court examining the

---

[1] The defendant in Reed also claimed that subsection (b) of the sentencing modification statute violated the separation of powers doctrine, but the court rejected this argument. Id. at 774 (citing Schweitzer, 700 N.E.2d 488 (Ind. Ct. App. 1998), trans. denied; Beanblossom v. State, 637 N.E.2d 1345 (Ind. Ct. App. 1994), trans. denied)).

constitutionality of such a policy would [have] be[en] purely advisory in nature. This court does not render advisory opinions." Id. (citing Lineberry v. State, 747 N.E.2d 1151, 1155 (Ind. Ct. App. 2001)).

Roberts reads the Reed opinion as supporting his position that there must be an objective review process in place at the prosecutor's office. We disagree. The Reed court did not agree with the defendant's legal position; it instead rejected the defendant's claims due to a lack of factual support for them in the record before it. And it explicitly declined to address the defendant's legal claims because he provided no factual support. See id. We further disagree with Roberts that he has supported his factual allegation that the prosecutor's office in this case has a "blanket policy" of denying all requests for sentence modification. In support of this claim, Roberts refers us to page 75 of his Appendix. This page, however, is simply a copy of an email Roberts's counsel sent to the prosecutor's office inquiring about the process the office used in reviewing requests for sentencing modification; it does not support Roberts's factual allegation of a "blanket policy" of denial.

Still, Roberts claims that due process is violated by the apparent lack of any objective policy or criteria used by the prosecutor's office in review of requests for sentence modification. The Due Process Clause of the United States Constitution and the Due Course of Law Clause of the Indiana Constitution prohibit state action which deprives a person of life, liberty, or property without the "process" or "course of law" that is due, i.e., a fair proceeding. Gingerich v. State, 979 N.E.2d 694, 710 (Ind. Ct. App. 2012), trans. denied (citing Pigg v. State, 929 N.E.2d 799, 803 (Ind. Ct. App. 2010)).

6

The same analysis is applicable to claims under both the federal and state constitutions. Id. (citing Ind. High Sch. Athletic Assoc. v. Carlberg, 694 N.E.2d 222, 241 (Ind. 1997)). It is an essential principle of due process that "'a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case.'" Id. (quoting Pigg, 929 N.E.2d at 803). However, only when a party has been deprived of a property or a liberty interest may that party claim denial of due process, because *there is no independent due process right absent a liberty or a property claim.* Wilhoite v. Melvin Simon & Assocs., Inc., 640 N.E.2d 382, 385 (Ind. Ct. App. 1994)); see also Gingerich, 979 N.E.2d at 710 ("predicate to any analysis of whether the process provided was fair is a determination that the claimant had a protectable life, liberty, or property interest at stake.").

Here, it is clear that there is no property interest at issue, only a potential liberty interest. However, we have long held that a defendant does not have a liberty interest in a potential sentence modification. As we explained in Beanblossom v. State, 637 N.E.2d 1345, 1348 (Ind. Ct. App. 1994), trans. denied, "[g]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty." A defendant who has been duly convicted and incarcerated has no right or justifiable expectation that his sentence will be reduced or suspended. Id. Accordingly, a defendant has no recognized liberty interest in a modification of his sentence under Indiana law. Id. Because there is no liberty interest in sentence modification, there is no due process violation to subjecting sentence modification to the approval of the prosecutor. Id. Nor does due process

7

independently require the prosecutor's office to apply any objective criteria in deciding which sentence modifications to approve or disapprove.  See id.

Simply put, without a liberty interest at stake, there can be no due process violation.  See Wilhoite, 640 N.E.2d at 385.  Because Roberts was properly convicted and sentenced, his due process claim is without merit, and the trial court properly rejected that portion of his motion to correct error based on his claim of denial of due process.

## II.  Equal Privileges and Immunities

Roberts also claims that the sentence modification statute violates Article 1, Section 23 of the Indiana Constitution.  This provision provides that the "General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."  Ind. Const. art. I, § 23.  When analyzing an equal privileges claim under Article 1, Section 23, we apply the two-step analysis established by our supreme court:  "First, the disparate treatment accorded by the legislation must be reasonably related to inherent characteristics which distinguish the unequally treated classes.  Second, the preferential treatment must be uniformly applicable and equally available to all persons similarly situated."  Rondon v. State, 711 N.E.2d 506, 513 (Ind. 1999) (quoting Collins v. Day, 644 N.E.2d 72, 80 (Ind. 1994)).

At issue here is subsection (b) of the sentencing modification statute, which provides:

> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the

8

sentence, subject to the approval of the prosecuting attorney. However, if in a sentencing hearing for a convicted person conducted after June 30, 2001, the court could have placed the convicted person in a community corrections program as an alternative to commitment to the department of correction, the court may modify the convicted person's sentence under this section without the approval of the prosecuting attorney to place the convicted person in a community corrections program under IC 35-38-2.6. . . .

I.C. § 35-38-1-17(b).

Roberts claims, and the State agrees, that this subsection creates three classes of offenders: (1) those who were sentenced before June 30, 2001; (2) those sentenced after June 30, 2001 and who did not qualify for placement in community corrections at the time of sentencing; and (3) those sentenced after June 30, 2001 and who did qualify for placement in community corrections at the time of sentencing. For those in the first two categories, prosecutorial approval is required before the trial court may modify a sentence more than 365 days after initial sentencing. For the last category, however, the trial court does not require prosecutorial approval to modify the offender's sentence to placement in community corrections.

Roberts claims that there is no rational reason to treat persons sentenced prior to 2001, some of whom are eligible for community corrections, to be treated differently from persons sentenced after 2001 who are eligible for placement in community corrections. The problem with Roberts's argument, however, is that although he was sentenced prior to 2001, he was not eligible for placement in community corrections at the time of his sentencing.

9

Indiana Code section 35-38-2.6-1 sets forth those persons who are eligible for placement in community corrections. Subsection (b)(2) of this statute provides that those who have been convicted of any of the felonies listed in Indiana Code section 35-50-2-2(b)(4)[2] are not eligible for such placement in community corrections. And murder, for which Roberts was convicted, is the first of the felonies listed in Indiana Code section 35-50-2-2(b)(4).

Thus, at the time of his sentencing, Roberts was ineligible for placement in community corrections. And, pursuant to the sentence modification statute, even if Roberts had been sentenced after 2001, the trial court could not modify his sentence absent prosecutorial approval. In other words, Roberts is not harmed by any alleged unequal treatment of offenders in the sentencing modification statute because, whether he was sentenced before or after 2001, the result is the same.

Roberts therefore lacks standing to challenge the constitutional deficiencies in the statute he now asserts, i.e. disparate treatment of those sentenced before 2001 and after 2001 and who did qualify for placement in community corrections at the time of sentencing. See Murphy v. State, 837 N.E.2d 591, 593 (Ind. Ct. App. 2005) ("Generally, a person to whom a statute may be applied constitutionally may not challenge the statute on the basis that it may conceivably be applied in an unconstitutional manner to others not before the court."). Accordingly, the trial court properly rejected Roberts's Article 1, Section 23 claim.

---

[2] Excluded from this list is operating while intoxicated with at least two prior unrelated convictions. See I.C. § 35-38-2.6-1(b)(2).

10

**Conclusion**

Roberts has no liberty interest in modification of his sentence, and the denial of his request for sentence modification therefore does not implicate due process concerns. Also, Roberts lacks standing to challenge the sentencing modification statute's allegedly unequal treatment of offenders. Because Roberts's claims are legally without merit, the trial court properly denied his motion to correct error.

Affirmed.

NAJAM, J., and BROWN, J., concur.