John CHRISTAKIS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 3–1185–A–316.

Court of Appeals of Indiana,
Third District.

May 29, 1986.

Joanne Taposci, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

On April 23, 1982 defendant/appellant Christakis entered a guilty plea to a burglary charge and was sentenced to 7 years imprisonment. On September 21, 1982 the defendant petitioned for probation. A hearing was held on October 8, 1982 resulting in a modification of sentence consisting of the suspension of 18 months of the 7–year sentence. Pursuant to a letter from Christakis to the trial judge requesting further reduction of sentence, a hearing was scheduled in order to review and make possible modifications of the sentence. On August 5, 1983 the hearing was held and Christakis was released on probation for the remainder of his sentence. On April 25, 1984 the State filed a revocation of probation petition based on the allegation that Christakis had been arrested in Illinois and charged with burglary. Apparently this petition was not acted upon. On February 15, 1985 another petition for revocation of probation was filed. This petition was based on the arrest of Christakis in Mishawaka, Indiana on charges of burglary. After a hearing, probation was revoked and bond pending appeal was denied. Christakis appeals these actions asserting:

(1) the trial court erred in revoking his probation since the record does not contain evidence of the conditions of probation nor reasons for revocation of same;

(2) the trial court erred in failing to grant a continuance of the revocation hearing to allow defendant to hire private counsel;

(3) identification of the defendant was insufficient; and

(4) denial of appeal bond was in error. Because of our disposition of this case, we address none of these issues.

The State's brief addresses each of the issues raised by Christakis. However, in addition, the State raises another issue which is dispositive of the case. The State urges the trial court was without jurisdiction to grant the shock probation in August 1983. We agree.

The trial court accepted Christakis's guilty plea and sentenced him on April 23, 1982. At that time, IND. CODE § 35–4.1–4–18 [Repealed by P.L. 311—1983, SEC. 49] provided:

"Modification of sentence
Sec. 18. The court, within one hundred eighty (180) days after it imposes a sentence, and after a hearing at which the convicted person is present and of which the prosecuting attorney has been notified, may reduce or suspend the sentence, incorporating its reasons in the record. The court may suspend a sentence for a felony under this section only if suspension is permitted under IC 35–50–2–2."

This code section, enacted in 1976, replaced IND. CODE § 35–7–1–1 which had been enacted in 1972 and provided in pertinent part:

"... Provided, That on its own motion the court may, in open court and after notice to the prosecuting attorney and after review of the diagnostic report by the department of corrections, suspend the further execution of the sentence at anytime within six [6] months after the defendant shall have commenced to serve his sentence of imprisonment...."

Interpreting section 35–7–1–1, the Indiana Supreme Court stated: "Prior to this proviso in the statute, the court had no authority to change the sentence of the defendant after he had started to serve his time." *State ex rel. Sufana v. Lake Sup.Ct.* (1978), 269 Ind. 466, 473, 381 N.E.2d 475, 478, *reh. denied* (1979), citing *State ex rel. Steers, Attorney General v. Criminal Court of Lake County, et al.* (1953), 232 Ind. 443, 112 N.E.2d 445, *reh.*

*denied,* 113 N.E.2d 44. In like manner, in interpreting the replacement section, 35–4.1–4–18, *supra,* the Indiana Supreme Court has determined that the grant of authority is jurisdictional and expiration of the 180–day period destroys the authority of the court to alter the sentence:

"... The statute gives the court jurisdiction in its own discretion to decide to recall the defendant and put him on probation after he has served a period of up to six months. We hold the grant of such power by the legislature is jurisdictional and that upon the expiration of the 180 days notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant so far as the alteration of his sentence is concerned." *State ex rel. Abel v. Vigo Circuit Court* (1984), Ind., 462 N.E.2d 61, 63.

Pursuant to this case law, the decision of the trial court to grant shock probation would have to have been made within 180 days of imposition of sentence. The court imposed sentence on April 23, 1982. The modification granted on October 8, 1982 was timely. However, the granting of probation on August 5, 1983 was beyond the 180–day time limit and was therefore beyond the jurisdiction of the court.

The grant of probation being beyond the alteration of sentence jurisdiction of the court, the judgment was void:

" 'There are in general three jurisdictional elements in every valid judgment, namely, jurisdiction of the subject matter, jurisdiction of the person, and the power or authority to render the particular judgment.' 1 Freeman, *Judgments* (5th Ed.) Section 226, pp. 444, 445. 'It is well settled by the authorities that a judgment may be void for want of authority in a court to render the particular judgment rendered though the court may have had jurisdiction over the subject matter and the parties.' 1 Freeman, *Judgments* (5th Ed.) Section 354, p. 733. If a judgment is in part beyond the power of the court to render, it is void as to the excess. *Ex parte Rowland,* 1882,

104 U.S. 604 [14 Otto 604], 26 L.Ed. 861. *See also Underhill v. Franz,* 1951, 230 Ind. 165, 101 N.E.2d 264." *Bolerjack v. Forsythe* (1984), Ind.App., 461 N.E.2d 1126, 1133, *trans. denied,* quoting *State ex rel. Public Service Commission v. Johnson Circuit Court* (1953), 232 Ind. 501, 508–509, 112 N.E.2d 429, 432.

█ A judgment which is void can be attacked directly or collaterally at any time. *Calumet Teaming & Trucking Co. v. Young* (1941), 218 Ind. 468, 492, 33 N.E.2d 109, *reh. denied,* 33 N.E.2d 583; *State v. Dossett* (1977), 174 Ind.App. 501, 368 N.E.2d 259, 262, *trans. denied.* Therefore the State could properly raise the issue of jurisdiction to grant shock probation at this time.

The trial court is ordered to vacate its order of shock probation and is ordered to reinstate the executed sentence of the defendant.

STATON, P.J., and GARRARD, J., concur.