Von BEANBLOSSOM, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 10S00–8710–CR–950.

Supreme Court of Indiana.

Dec. 2, 1988.

Michael J. McDaniel, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, for which he received thirty (30) years, enhanced by ten (10) years for aggravating circumstances. He was also found guilty of Armed Robbery, a Class A felony, for which he received thirty (30) years, enhanced by ten (10) years by reason of aggravating circumstances, the sentences to run concurrently.

The facts are: On January 5, 1986, at approximately 5:15 a.m., David Gatliff was preparing to end his late-night shift at the Hamburg Shell Food Mart in Clark County, Indiana. He was counting his night's receipts when appellant entered the building. Gatliff continued counting the money as he and appellant talked. At the time, Gatliff could not remember appellant's name but he recognized him as a person who had lived in the same trailer court as Gatliff.

After they talked for a few minutes, appellant stated he was going to his car to get his coat. When he came back, Gatliff had placed the money in an envelope in his coat pocket. As he turned from appellant and started to enter a small office in the building, he felt a sharp pain in the back of his head. He became dizzy and fell to his hands and knees. As his mind cleared, he looked back at appellant and saw that he had a gun pointed at Gatliff's head. He turned his head and as he did he heard the gun fire and soon felt blood coming out of his ear.

The .22 caliber bullet had struck the hearing aid in Gatliff's left ear and shattered both the hearing aid and the bullet. Fragments from the bullet and the hearing aid struck Gatliff in the ear and the head. At the time he was shot, he was wearing hearing aids in both ears. Gatliff testified that he had had a hearing problem since he was a small child and that he wore hearing aids in both ears. He further testified that

after appellant fired the shot that injured him he heard appellant click the gun three more times; the gun, however, did not fire. Gatliff played dead to avoid further injury. As appellant bent over Gatliff to remove the envelope containing the money from Gatliff's pocket, he stated, "I hope you're dead."

■ Appellant claims there is insufficient evidence to sustain the conviction of attempted murder due to a failure of proof of his intent to kill. This Court will not weigh conflicting evidence. *Taylor v. State* (1987), Ind., 514 N.E.2d 290. In the case at bar, appellant testified that he brought the gun into the service station with the general intent to rob the victim by scaring him with the gun, and when he started to cock the gun, it went off accidentally. This evidence was presented to the jury along with the evidence above recited and it was their prerogative to disbelieve appellant's version of the episode.

■ When one embarks upon an armed robbery and points the gun at his victim, he can hardly expect a jury to believe that the gun fired accidentally. This is especially true in the case at bar where appellant pulled the trigger of the gun three more times and then stated that he hoped the victim was dead. The intent to commit murder may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. The act of firing a loaded pistol at the victim's head is a substantial step toward the commission of the crime of murder. *Harris v. State* (1981), Ind., 425 N.E.2d 112.

The good fortune of Gatliff that the bullet struck his hearing aid and shattered, rather than penetrating more deeply into his head, is not a factor which diminishes the intent of appellant. There is ample evidence in this record upon which the jury could have found an intent to kill.

■ Appellant claims it was error to convict him of a Class A felony in that there was no proof of serious bodily injury. As above recited, Gatliff received a blow to the back of the head which was forceful

enough to knock him to his hands and knees and to cause him to remain in a semiconscious state for a short period. This alone was enough for the jury to find that Gatliff had sustained an injury which created a substantial risk of death in conformity with Ind.Code § 35–41–1–25.

In addition, the bullet fired by appellant which struck Gatliff's hearing aid and shattered causing laceration wounds to his head, his outer ear, and his inner ear was certainly sufficient to support the jury's finding that Gatliff had sustained an injury which created a substantial risk of death. There is ample evidence in this record to sustain a finding of serious bodily injury in the perpetration of a robbery.

█ Appellant claims the court committed multiple errors in its sentencing criteria and its application of the facts of the case. We do not find such to be the case. In sentencing appellant, the trial court found that appellant was in need of correctional rehabilitation and that a reduced sentence would depreciate the seriousness of the crime. The trial court found that the victim was shot in the head while crouched on the floor and that appellant pulled the trigger three additional times after wounding the victim.

The court further found that based upon psychological evaluations of appellant there is a risk that he would commit another crime, and although appellant had no formal history of criminal or delinquent activity, his own statements indicated that he had in fact been involved in prior criminal and delinquent activity. The trial court also found that there was the mitigating circumstance of appellant's age, which was sixteen years at the time of the commission of the crime and seventeen years at the time of sentencing. However, the court found that the aggravating circumstances outweighed the mitigating circumstances. A review of this record reveals that the court's findings are entirely supported by the evidence in this case. The trial court did not err in the sentencing of appellant.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.