ROBERTSON, Judge.
 

 Von A. Beanblossom, Jr., appeals the modification of his concurrent, forty-year, enhanced sentences for attempted murder and armed robbery, both class A felonies. We restate his allegations of error as follows:
 

 I. A. Does Ind.Code 35-38-l-17(b), Which gives the prosecuting attorney veto power over a judge, violate Article 3 § 22 and Article 7 § 1 of the Constitution of the State of Indiana?
 

 B. Does I.C. 35-38-l-17(b) violate the due process clause of amendment XIV by denying the Defendant a fair decision maker in post-conviction proceedings?
 

 C. Does I.C. 35-38-l-17(b) violate the Defendant’s rights of equal protections of the laws and equal access to the courts?
 

 II. Did the post-conviction court abuse its discretion by granting the State’s motion to correct error and by sentencing the Defendant solely upon the prosecutor’s decision?
 

 We affirm.
 

 The Supreme Court of Indiana affirmed Beanblossom’s convictions and sentences on direct appeal in
 
 Beanblossom v. State
 
 (1988), Ind., 530 N.E.2d 741. Beanblossom then filed a pro se motion for the modification of his sentence, which the court below granted after a hearing. In its order, the court found, in pertinent part:
 

 3. Since Defendant’s incarceration with the Indiana Department of Corrections [sic] he has:
 

 [a] Earned a High School Diploma maintaining a 3.54 GPA;
 

 [b] Received an Outstanding Achievement Award for excellence in mathematics from the Indiana Council of Teachers of Mathematics;
 

 [c] Earned credits from the Indiana University School of Continuing Studies;
 

 [d] Earned a Vocational Drafting Certificate;
 

 [e] Acquired employable computer skills;
 

 [f] Received an offer of admission from Purdue University School of Electrical Engineering Technology[.]
 

 4. The Defendant has generally received exemplary Offender Evaluation And Performance Reports during his incarceration and two members of the staff at the Indiana Youth Center appeared at the modification hearing to testify in his behalf, both acknowledging the rarity of such an appearance.
 

 5. The Defendant is currently working in the data processing department at the Indiana Youth Center receiving on the job training in computer programming.
 

 6. The Defendant has demonstrated a pattern of behavior consistent with evidence of rehabilitation.
 

 7. The Defendant was sixteen (16) years of age at the time of the commission of the offense, has expressed remorse, and given the Defendant’s efforts while incarcerated, it appears unlikely that the Defen
 
 *1343
 
 dant would commit further offenses upon his eventual release from incarceration.
 

 8. Applying the provisions of I.C. 35-50-2-2 to the underlying convictions of the Defendant, the Defendant must serve a minimum incarceration of ten (10) actual years in prison for his convictions of Class A Felonies.
 

 9. Justice would be best served by a modification of the sentences imposed upon the Defendant.
 

 IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that the sentences imposed upon the Defendant, Yon A. Beanblossom, Jr., should be and they are hereby modified as follows:
 

 [a] For the offense of Attempted Murder, a Class A Felony, modification to a forty (40) year sentence with twenty (20) years suspended, the Defendant to be placed on probation for a period of ten (10) years upon his release from incarceration.
 

 [b] For the offense of Armed Robbery, a Class A Felony, modification to a forty (40) year sentence with twenty (20) years suspended, the Defendant to be placed on probation for a period of ten (10) years upon his release from incarceration, this sentence to be served concurrently with the sentence imposed for Attempted Murder.
 

 The Defendant is directed to report to the Court’s Probation Officer within seventy-two (72) hours of his release from incarceration.
 

 SO ORDERED ...
 

 The State then filed a MOTION TO CORRECT ERRORS and claimed that the court was -without jurisdiction to modify Beanblos-som’s sentence because the prosecuting attorney had not given approval for modification, as contemplated by I.C. 35-38-l-17(b), which provides, in pertinent part:
 

 If more than three hundred sixty-five (365) days have elapsed since the defendant began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or suspend the sentence, subject to the approval of the prosecuting attorney.
 

 In light of the State’s motion to correct error, the trial court rescinded its previous order and, with the approval of the State, entered an Amended Order which granted Beanblossom a sentence modification of a forty-year sentence, with ten years suspended on each count and ten years of probation, sentences to be served concurrently.
 

 I
 

 Beanblossom attempts to present these initial issues for the first time before this court. He should have raised them in the sentencing court and therefore has not preserved them for appeal.
 
 Mahok v. State
 
 (1931), 202 Ind. 473, 174 N.E. 281 (appellant did not move to modify the judgment below).
 

 Nevertheless, Beanblossom claims that I.C. 35-38-1-17 violates the Constitution of Indiana by encroaching on the judicial power of the courts. He asserts that, by subjecting the reduction or suspension of a previously imposed sentence to the approval of the prosecuting attorney, the statute impairs the inherent power of the court and gives the prosecuting attorney “veto power” over the judge. In essence, he claims the statute violates the separation of powers provided by the constitution.
 

 This view presupposes that the trial court has the inherent power to effect the modification of a sentence and that the statute somehow takes this power away from the court. If the trial court had such inherent authority, then the statute in question might well be considered to have usurped that authority. The case law, however, indicates that the trial court does not have such inherent power under the circumstances.
 

 After final judgment, a court retains only such continuing jurisdiction as is permitted by the judgment itself or as is given the court by statute or rule.
 
 Marts v. State
 
 (1985), Ind., 478 N.E.2d 63. Upon expiration of the time limit provided in I.C. 35-38-1-17, notwithstanding any petitions filed by the defendant, the court loses further jurisdiction over the defendant insofar as the alteration of his sentence is concerned.
 
 Id.
 
 at 53;
 
 State ex rel. Abel v. Vigo Circuit Court
 
 (1984), Ind., 462 N.E.2d 61, 63. Prior to the enact
 
 *1344
 
 ment of the predecessors to I.C. 35-38-1-17, a trial judge had no authority over a defendant after the judge had pronounced sentence,
 
 Abel,
 
 462 N.E.2d at 63, and the court had no authority to change the sentence of the defendant after the defendant had started to serve his time.
 
 Christakis v. State
 
 (1986), Ind.App., 493 N.E.2d 471, 472. After those points in time, the jurisdiction over the defendant had gone to the Department of Correction.
 
 Abel,
 
 462 N.E.2d at 63.
 

 By the present statute, the jurisdiction of the sentencing court to modify the sentence remains but the court had no authority to render the particular modification of Bean-blossom’s sentence because 365 days had passed since he had begun to serve his sentence and the prosecuting attorney had not approved the modification. The legislature was free, through the statute, to give the trial court authority to render a modification of the sentence with whatever conditions and within whatever time it deemed appropriate. The legislature chose to subject the authority to reduce or suspend a sentence to the approval of the prosecuting attorney if 365 days has passed. Even though the authority to modify is subject to such a condition, the statute does not take judicial power away from the trial court and give it to the prosecuting attorney. The statute gives the sentencing court authority, subject to certain conditions, to change the sentence of the defendant after the court has pronounced sentence and after the defendant has begun to serve that sentence. In other words, the statute gives the court authority it does not otherwise have and does not transfer power between branches of government. The scheme therefore does not violate the separation of powers.
 

 Further, the statute did not deprive Beanblossom of adequate, effective, equal, or meaningful access to the courts, that is, did not deprive him of the right of due process. Given a valid conviction, the criminal defendant has been constitutionally deprived of his liberty.
 
 Galloway v. State
 
 (1981), Ind.App., 422 N.E.2d 1290, 1292. The applicant for shock probation has been duly convicted and incarcerated and has no right or justifiable expectation that his sentenced will be reduced or suspended.
 
 Id.
 
 at 1293. Beanblos-som has no recognized liberty interest in a modification of his sentence under Indiana law, and the due process clause of the fourteenth amendment does not require that the decision to modify be free from Indiana’s condition that it be subject to the approval of the prosecuting attorney.
 
 See id.
 
 at 1293 (Since applicant has no recognized liberty interest, the due process clause of the fourteenth amendment does not require that a hearing be held to consider his petition for shock probation).
 

 Also, the 365-day time limit provided in the statute is neither arbitrary nor unreasoned. The determination about what time periods should be applicable to modification of a sentence is for the legislature, which could implement a procedure whereby sentences could be reviewed at any time or could be reviewed without the condition that they be subject to the approval of the prosecuting attorney. Beanblossom should direct his arguments to the legislature.
 

 Finally, the statute did not deprive Beanblossom of equal protection of the laws. The statute treats equally those prisoners who are similarly situated. Within 365 days, the court may reduce or suspend the sentence. If more than 365 days have elapsed, the court may reduce or suspend the sentence subject to the approval of the prosecuting attorney. Beanblossom nevertheless claims inmates are. divided into two classes: those whom the trial court deems rehabilitated and the prosecuting attorney agrees and those whom the trial court deems rehabilitated and the prosecuting attorney does not agree. Inmates in the former class may receive a sentence modification, but those in the latter class may not. Nevertheless, the fundamental right to liberty is not at stake here and the rational basis test is therefore applicable.
 
 See Jones v. Jenkins
 
 (1978), 267 Ind. 619, 372 N.E.2d 1163. The State has a sensitive and difficult task to encourage its prisoners’ constructive future citizenship while avoiding the danger of releasing them prematurely upon society.
 
 Id.
 
 This notwithstanding, the State also has a legitimate interest in the finality of judgments and an ordered procedure for the modification of
 
 *1345
 
 sentences. The distinctions the statute draws between time periods are legitimate and have a rational basis. They therefore do not offend equal protection.
 

 Our decision is bolstered by federal court decisions which involve Federal Criminal Rule 35(b) (18 U.S.C. 3553(e)) and U.S. sentencing guidelines § 5K1.1, which essentially provide that a sentencing court, upon motion of the government, may impose a sentence below the minimum set forth in the guidelines in consideration of a defendant’s assistance in the investigation or prosecution of another person. In the ease of the federal law, the sentencing court may lower the sentence upon motion of the government. In the present case, the sentencing court could reduce or suspend the sentence subject to the approval of the prosecuting attorney. Each situation appears to require the support or consent of the prosecution.
 

 Courts have upheld the validity of the federal provisions in the face of attacks on the grounds of violations of separation of powers, of due process, and of equal protection.
 
 See generally,
 
 the cases cited in 111 A.L.R.Fed. 547. The federal provisions have almost uniformly withstood such attacks; and we are confident that Indiana’s statute survives such assaults, as well.
 

 II
 

 Beanblossom claims the post-conviction court abused its discretion by granting the State’s motion to correct error and sentencing him solely upon the prosecutor’s decision. This is not an accurate characterization of what occurred below.
 

 A judgment may be void for want of authority in a court to render the particular judgment though the court may have had jurisdiction over the subject matter and the parties.
 
 Christakis,
 
 493 N.E.2d at 472. A judgment which is void can be attacked directly or collaterally at any time.
 
 Id.
 
 at 473. As stated above, the court below had no authority to render the initial modification of Beanblossom’s sentence without the approval of the prosecuting attorney because 365 days had passed since he had begun to serve his sentence. The modified sentence was therefore void, and the state properly attacked it in its motion to correct error.
 

 As for the allegation that the trial court based its decision solely upon the decision of the prosecutor, we note that I.C. 35-38-1-17(b) permits the trial court to suspend a sentence subject to the approval of the prosecuting attorney and that such a condition is valid. Moreover, Beanblossom benefitted from the modification ultimately granted when the trial court suspended ten years of his sentence. The trial court did not abuse its discretion when it sought the prosecutor’s approval for the suspension.
 

 Judgment affirmed.
 

 NAJAM and FRIEDLANDER, JJ., concur.