

**FILED**
Apr 22 2015, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Voyles, Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen H. Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Derek L. Moore,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 22, 2015

Court of Appeals Case No.
49A05-1408-CR-398

Appeal from the Marion Superior
Court
The Honorable Mark D. Stoner
Cause No. 49G06-0410-FB-187118

**Bailey, Judge.**

# Case Summary

Derek L. Moore ("Moore") appeals the trial court's denial of his motion to correct error, which challenged the court's denial of his petition for sentence modification. We hold that the trial court erred in finding that it did not have the authority to entertain Moore's petition for sentence modification. However, we affirm the trial court's judgment to deny Moore's petition on its merits.

# Issues

Moore raises one issue on appeal, which we restate as: whether the trial court erred when it denied Moore's petition for sentence modification because the trial court did not apply a recent statutory revision that provided Moore procedural, as opposed to substantive, relief. We also address an issue first raised in the State's brief: whether Moore's appeal should be dismissed as moot.

# Facts and Procedural History

On February 13, 2006, pursuant to a plea agreement, Moore pleaded guilty in cause number 49G06-0410-FB-187118 ("FB-7118") to three counts of Robbery, as Class B felonies, and two counts of Unlawful Possession of a Firearm by a Serious Violent Felon, as Class B felonies. He also admitted to being a habitual offender.

On March 16, 2006, the court imposed ten year sentences for each of the five Class B felony convictions and ordered that they be served consecutively. The court also enhanced Moore's first Robbery conviction sentence by ten years because of his habitual offender adjudication. The result was an aggregate sentence of sixty years.

On July 11, 2014, Moore petitioned the trial court to modify his sentence in FB-7118.[1] The sentence modification statute under which Moore sought relief provides:

> (c) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

Ind. Code § 35-38-1-17(c) (2014) (the "revised statute"). The revised statute became effective July 1, 2014.

On July 16, 2014, the court denied Moore's petition, citing a prior version of Indiana Code section 35-38-1-17, which provides, in relevant part:

> (b) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence and after a hearing at which the convicted person is present, the court may reduce or

---

[1] Moore's petition was filed under both cause numbers FB-7118 and a separate case, 49G06-0410-FB-184033 ("FB-4033"). In his petition, Moore did not request a sentence modification in FB-4033, but asked only that his sentence in FB-4033 be served concurrently with his sentence in FB-7118, as originally ordered by the court. Because Moore's appeal from his petition was consolidated under FB-7118 and concerns only a narrow legal question, we focus on the facts of FB-7118.

suspend the sentence, subject to the approval of the prosecuting attorney. [. . . .]

I.C. § 35-38-1-17(b) (Supp. 2006). The court found that it lacked authority to entertain Moore's petition because the prosecuting attorney had not consented to a modification. The court also noted that Moore's crime and sentence occurred prior to 2014 and "[t]he new statutes, effective on July 1, 2014, do not have retroactive application." (App. at 31.)

[7] On August 15, 2014, Moore filed a motion to correct error, arguing that the court had authority to entertain his petition because it was filed after the effective date of the revised statute. Moore argued that under the revised statute, the court had authority to modify his sentence without the prosecutor's consent.

[8] The court denied Moore's motion to correct error, reasoning that a savings clause enacted in 2014 "clearly indicates the legislature's intent that the new criminal code has no retroactive application." (App. at 35.) The court's order also stated that even if the court had authority to entertain Moore's petition, it would not grant the petition "given the serious nature of these charges and the defendant's criminal history[.]" (App. at 35.)

[9] Moore now appeals.

# Discussion and Decision

# Standard of Review

[10] A ruling on a motion to correct error generally is reviewed only for an abuse of discretion. *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013). When a motion to correct error depends on a question of law, we review the trial court's resolution of that question *de novo*. *Id.* Matters of statutory interpretation are reviewed *de novo* because they present pure questions of law. *Gardiner v. State*, 928 N.E.2d 194, 196 (Ind. 2010).

[11] The overarching principle in statutory interpretation is to first decide "whether the legislature has spoken clearly and unambiguously on the point in question." *Sloan v. State*, 947 N.E.2d 917, 922 (Ind. 2011) (quoting *Rheem Mfg. Co. v. Phelps Heating & Air Conditioning, Inc.*, 746 N.E.2d 941, 947 (Ind. 2001)). If a statute is clear and unambiguous, we do not apply any rules of construction other than giving effect to the plain and ordinary meaning of the language. *Id.* Thus, we will not delve into legislative intent unnecessarily if no ambiguity exists. *Id.*

# Mootness

[12] As an initial matter, the State argues that Moore's appeal is moot because the trial court stated that, even if the revised statute applies, it would decline to grant Moore's petition on the merits "given the serious nature of these charges and the defendant's criminal history[.]" (App. at 35.)

[13] A case is deemed moot when no effective relief can be rendered to the parties before the court. *In re Lawrence*, 579 N.E.2d 32, 37 (Ind. 1991). When the concrete controversy at issue has been ended or settled, or in some manner

disposed of, so as to render it unnecessary to decide the question involved, the case will be dismissed. *Id.* (citation and quotation marks omitted). Although moot cases are typically dismissed, Indiana courts have long recognized that a case may be decided on its merits under an exception to the general rule when the case involves questions of "great public interest." *Id.* "Cases found to fall within the public interest exception typically contain issues likely to recur."[2] *Id.*

[14] In his reply brief, Moore argues that if we hold that the revised statute applies to him, subsection (h) permits him to petition for sentence modification a second time. *See* I.C. § 35-38-1-17(h) (2014). Therefore, Moore argues that even though the court indicated that it would deny Moore's petition on its merits, it is not unnecessary to decide the question in Moore's case. We agree that the revised statute, if applicable, would provide Moore future opportunity for relief. Thus, Moore's appeal is not moot.

[15] Moreover, even if the statute did not contain an additional avenue for relief for Moore, the terms under which a convicted person may petition for sentence modification have implications for numerous other convicted persons whose offenses were committed prior to the effective date of the revised statute. Because of the statute's wide applicability and the likelihood that the same issue

---

[2] Our supreme court has held that, unlike the federal mootness doctrine, it is not necessary under Indiana law that an issue of great public interest is one that is capable of repetition, but likely to evade review. *Lawrence*, 579 N.E.2d at 37 n.2.

will appear again before this Court, Moore's case, even if moot, falls within the public interest exception.

[16] We turn now to the substance of Moore's appeal.

# Applicability of Revised Statute

[17] Moore argues on appeal that, because the Indiana Code section under which Moore filed his petition was recently revised so that prosecutorial consent is not required, the trial court erred when it found that it had no authority to modify or reduce his sentence absent the consent of the prosecutor.

[18] In 2013, the Indiana General Assembly passed substantial revisions to the Indiana criminal code. *See* Pub. L. No. 158-2013 (2013). As a result of the 2013 bill and further revisions passed in 2014, Indiana Code section 35-38-1-17 was amended to remove the need for prosecutor approval when a convicted person seeks a sentence modification more than 365 days after he or she began serving his or her sentence. *See* Pub. L. No. 158-2013, § 396 (2013); Pub. L. No. 168-2014, § 58 (2014).

[19] The revised statute states:

> (c) If more than three hundred sixty-five (365) days have elapsed since the convicted person began serving the sentence, the court may reduce or suspend the sentence and impose a sentence that the court was authorized to impose at the time of sentencing. The court must incorporate its reasons in the record.

I.C. § 35-38-1-17(c) (2014). The revised statute became effective July 1, 2014.

Moore filed his petition on July 11, 2014, eleven days after the revised statute's effective date. No provision in the revised Indiana Code section 35-38-1-17 limits the statute's application to persons convicted after July 1, 2014. Therefore, by the plain language of subsection (c), the trial court did not need to obtain the prosecutor's consent to reduce or suspend Moore's sentence. Accordingly, the trial court erred when it found that it did not have the authority to entertain Moore's petition on its merits without the prosecutor's consent.

The State argues, however, that the revised statute does not apply to Moore because Moore was convicted and sentenced in 2006. The State contends that the laws in effect at the time of Moore's offense, not the laws in effect at the time he filed his petition, govern his petition for sentence modification.

It is true that, as a general rule, courts must sentence a convicted person under the statute in effect at the time the person committed the offense. *Payne v. State*, 688 N.E.2d 164, 165 (Ind. 1997). We disagree, however, that the general rule bars Moore's petition from proceeding under the revised statute. We confronted the same argument in *Willis v. State*, 567 N.E.2d 1170 (Ind. Ct. App. 1991), *trans. denied*. At the time Willis originally was sentenced, the modification statute "limited the time in which sentence modification could take place to a period within 180 days of sentencing." *Id.* at 1171. However, before Willis filed his petition, the statute was amended to permit modifications more than 180 days after sentencing. *Id.* The trial court held that Willis was ineligible to seek modification under the new statute because his petition was

filed four years after he was sentenced – firmly outside the 180 day window provided in the old statute. *Id.*

[23] On appeal, this Court acknowledged the general rule that the law in effect at the time a crime is committed controls sentencing, but ultimately held that the general rule did not apply to Willis's petition. *Id.* at 1172. The *Willis* court explained that, unlike prior cases in which the convicted persons sought sentencing under more lenient statutes enacted after the commission of their offenses, in Willis's case

> *no question of sentence is involved*. Rather, Willis merely sought to petition for modification of his sentence under provisions of a later enacted statute which enlarged the time in which he could so petition. In our view, *the statute under which he sought relief was procedural, not substantive*, was ameliorative, and he was not foreclosed from using that statute.

*Id.* (emphases added). In other words, because the sentence modification statute governs the process by which sentences are modified, not the imposition of sentences, the general rule is inapplicable.

[24] The *Willis* court's conclusion that the change to the statute was "procedural, not substantive" was essential to the court's holding. *Id.* This procedural aspect distinguished Willis's case from an earlier case, *State v. Crocker*, 270 Ind. 377, 385 N.E.2d 1143 (Ind. 1979), in which our supreme court held that a convicted person's petition for modification could not proceed under a newly-enacted modification statute. The *Willis* court explained the distinction:

> In *Crocker*, there was a substantive change because the new statute gave the sentencing court new powers, that is, the power to reduce as well as suspend the remainder of the sentence. No such substantive change is involved here. At the time of sentencing Ind. Code § 35-38-1-17(b) permitted the sentencing court to modify a sentence, either by reduction or suspension, at any time within 180 days of sentencing. The amendment effective June 1, 1985, did not make any changes in the sentencing court's power over the sentence, but merely permitted, under certain circumstances, the sentencing court to consider sentence modification of the same kind more than 180 days after sentencing.

*Id.* The *Willis* court held that because the legislature had merely altered the procedure by which a sentence could be modified and there was no change in the court's sentencing power, Willis could petition for modification under the new statute.

[25] We find the reasoning in *Willis* applicable here. In this case, under the prior version of the statute, the prosecuting attorney acted as a gatekeeper for those petitions filed more than 365 days after a convicted person began serving the sentence imposed. *See* I.C. § 35-38-1-17(b) (Supp. 2006). In *Beanblossom v. State*, we held that the requirement that the prosecutor consent to a sentence modification was not a limit on court's sentencing power. 637 N.E.2d 1345, 1348 (Ind. Ct. App. 1994), *trans. denied*. The court explained:

> The legislature was free, through the statute, to give the trial court authority to render a modification of the sentence with whatever conditions and within whatever time it deemed appropriate. The legislature chose to subject the authority to reduce or suspend a sentence to the approval of the prosecuting attorney if 365 days has passed. Even though the authority to modify is subject to such a condition, *the statute does not take judicial power away from the trial court and give it to the prosecuting attorney*. The statute gives the sentencing

court authority, subject to certain conditions, to change the sentence of the defendant after the court has pronounced sentence and after the defendant has begun to serve that sentence.

*Id.* (emphasis added). *Beanblossom* makes clear that the prosecutor's consent, much like the timeframe in *Willis*, is not a substantive restriction on the trial court's sentencing power, but a condition imposed by the legislature.[3]

[26] In this case, when the General Assembly revised the statute to remove the need for prosecutorial consent, it lifted a procedural barrier that prevented petitions from reaching the trial court for review on their merits and "did not make any changes in the sentencing court's power over the sentence." *Willis*, 567 N.E.2d at 1172. Thus, the recent revision to the sentence modification statute implemented a procedural change to a procedural statute. Accordingly, Moore is not barred from bringing his petition under the revised statute simply because he was convicted and sentenced before the revised statute's effective date.

[27] The State contends, however, that because Moore seeks to modify a sentence imposed in 2006, "[Moore] is asking for a retroactive or a retrospective

---

[3] We acknowledge that in *Morris v. State*, 936 N.E.2d 354 (Ind. Ct. App. 2010), *trans. denied*, we held that a change to the sentencing modification statute that gave the trial court "the ability over 365 days after sentencing to move a petitioner from the Department of Correction to community corrections without the prosecutor's approval" was "*not* merely procedural." *Id.* at 357. However, the specific provision of Indiana Code section 35-38-1-17(b)(2001) interpreted in *Morris* contained language not at issue here, specifically, language that gave the court certain modification powers based on the convicted person's original sentencing date. *Id.* at 356. We find *Morris* distinguishable and *Beanblossom*'s discussion of the trial court's sentencing powers more persuasive.

application of the [revised] statute." (Appellant's Br. at 17.) And because "the normal rules governing retroactive application of statutes and statutory construction would prevent [the revised statute] from applying to a crime that was committed prior to July 1, 2014[,]" the State argues that the revised statute does not apply to Moore's petition. (Appellee's Br. at 16).

[28] A general rule of statutory construction is that, unless there are strong and compelling reasons, statutes will not be applied retroactively. *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005). However, the State's contention that Moore seeks retroactive application of the revised statute erroneously focuses on Moore's conviction and sentencing date, rather than his petition date. Because the revised statute governs the sentence modification process, a petitioner's original conviction or sentencing date is irrelevant to the determination of whether the statute is being applied retroactively. That is, in the context of sentence modification, the petition date is the critical date. Here, Moore filed his petition on July 11, 2014, after the revised statute's effective date. Accordingly, his petition is not barred.

[29] Of course, the fact that the revised statute applies to petitions filed on or after July 1, 2014 does not mean that the trial court is obligated to grant Moore a sentence modification or even conduct a hearing before denying the petition on its merits.[4] Here, the court definitively stated that, regardless of the revised

---

[4] Subsection (g) of the revised statute provides that a "court is not required to conduct a hearing <u>before reducing or suspending a sentence</u> under this section if" certain qualifications are met. I.C. § 35-38-1-17(g)

statute's applicability, the court would deny Moore's petition due to the seriousness of his crimes and his criminal history. But Moore may file his petition, and the court may entertain it under the new statutory terms.

[30] The State also argues also that a savings clause enacted in 2014 bars any person who was convicted or sentenced before July 1, 2014 from petitioning under the revised statute. Indiana Code section 1-1-5.5-21 states:

> (a) A SECTION of P.L.158-2013 or HEA 1006-2014 does not affect:
>
> (1) penalties incurred;
>
> (2) crimes committed; or
>
> (3) proceedings begun;
>
> before the effective date of that SECTION of P.L.158-2013 or HEA 1006-2014. Those penalties, crimes, and proceedings continue and shall be imposed and enforced under prior law as if that SECTION of P.L.158-2013 or HEA 1006-2014 had not been enacted.
>
> (b) The general assembly does not intend the doctrine of amelioration (see Vicory v. State, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L.158-2013 or HEA 1006-2014.

I.C. § 1-1-5.5-21 (Supp. 2014) (the "savings clause"). The revisions to Indiana Code Section 35-38-1-17 occurred pursuant to Public Law 158-2013 and House

---

(emphasis added). However, because the court here neither reduced nor suspended Moore's sentence, subsection (g) is inapplicable in this case and the court did not need to meet the requirements of subsection (g) before declining to conduct a hearing. In addition, subsection (d)'s language "[i]f the court sets a hearing on a petition under this section" indicates that a hearing need not be granted, unless the court finds that reduction or suspension of the convicted person's sentence is appropriate and the requirements of subsection (g) are not met. I.C. § 35-38-1-17(d).

Enrolled Act 1006-2014.[5]  *See* Pub. L. No. 158-2013, § 396 (2013); Pub. L. No. 168-2014, § 58 (2014).

[31]  The State argues that because Moore's crimes were committed and his penalty was imposed before July 1, 2014, subsections (a)(1) and (a)(2) of the savings clause bar the revised statute from affecting his case.  The State also argues that Moore's petition was not a "proceeding begun" after July 1, 2014, but "a continuation of a 'proceeding' begun earlier, namely the criminal case filed under lower court cause number [FB-7118.]"  (Appellee's Br. at 15.)  Therefore, the State argues that subsection (a)(3) of the savings clause also bars Moore's petition.

[32]  Moore's sentence modification proceeding began when he filed his petition on July 11, 2014, after the effective date of the statute.  Moore's petition therefore is not barred by subsection (a)(3) of the savings clause.  As for subsections (a)(1) and (a)(2), the plain language prevents any section of the new code from "affecting" penalties incurred or crimes committed before July 1, 2014.  I.C. §§ 1-1-5.5-21(a)(1)-(a)(2) (Supp. 2014).  However, as discussed above, the revised statute regulates the procedure by which a person may request a sentence modification and the conditions under which the trial court may exercise its sentencing power. In this way, the revised statute certainly "affects" the

---

[5] H.E.A. 1006-2014 was enacted in 2014.  *See* Pub. L. No. 168-2014 (2014).

sentence modification *process*. But the revised statute does not "affect" a penalty imposed or crime committed simply because it changes the process by which a person seeks sentence modification. Subsections (a)(1) and (a)(2) of the savings clause thus do not bar persons convicted or sentenced prior to July 1, 2014 from filing petitions for sentence modification under the new statutory terms.

[33] Furthermore, we think the language of subsections (a)(1) and (a)(2) of the savings clause evinces the legislature's intent that those defendants who committed offenses prior to July 1, 2014 may not take advantage of any ameliorative effects the new classification and sentencing scheme may have on their crimes or sentences. Indeed, subsection (b) of the savings clause clearly states: "The general assembly does not intend the doctrine of amelioration (see *Vicory v. State*, 400 N.E.2d 1380 (Ind. 1980)) to apply to any SECTION of P.L.158-2013 or HEA 1006-2014." I.C. § 1-1-5.5-21 (Supp. 2014).

[34] An ameliorative amendment is one in which the maximum penalty for a crime is reduced. *Palmer v. State*, 679 N.E.2d 887, 892 n.4 (Ind. 1997) ("The test to determine whether the legislature has enacted an ameliorative statute, where they have not expressly so stated, is whether the maximum penalty under the new statute is lower than the maximum penalty under the old."). Here, however, the revised statute explicitly provides that when modifying a convicted person's sentence, the court may only impose a sentence "that the court was authorized to impose at the time of sentencing." I.C. § 35-38-1-17(c) (2014). The revised statute thus has no ameliorative effect because it does not reduce the maximum penalty available and only permits the court to impose a

sentence that was permissible at the time of sentencing. And because the revised statute has no ameliorative effect, the savings clause does not bar the revised statute's application to petitions made by persons convicted or sentenced prior to July 1, 2014.[6]

[35] Neither the plain language of the revised statute nor the savings clause prevents a person convicted or sentenced prior to July 1, 2014 from petitioning for sentence modification under the new terms of revised Indiana Code section 35-38-1-17, provided that all other terms of the statute are met. Accordingly, the trial court had the authority to entertain Moore's petition for sentence modification without the consent of the prosecutor.

# Conclusion

[36] Moore's appeal is not moot. The trial court erred in finding that it did not have authority to entertain Moore's petition for sentence modification on its merits. However, the trial court's order also stated that the court would deny Moore's petition due to the seriousness of his crimes and his criminal history; therefore,

---

[6] Because the revised statute would have no ameliorative effect on Moore's sentence, we find this Court's recent discussion of the savings clause in *Marley v. State*, 17 N.E.3d 335 (Ind. Ct. App. 2014), *trans. denied*, inapplicable here. Marley, under Indiana Appellate Rule 8, asked this Court to review the appropriateness of his sentence in light of the new criminal code. Marley thus sought to take advantage of the ameliorative effects of the new sentencing provisions, which is not an issue here.

we affirm the decision of the trial court to deny Moore's petition for sentence modification.

[37] Affirmed.

Brown, J., concurs.

Robb, J., dissents in part and concurs in part with opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

Derek L. Moore,

*Appellant,*

v.

State of Indiana,

*Appellee*

April 22, 2015

Court of Appeals Case No.
49A05-1408-CR-398

Appeal from the Marion Superior
Court
The Honorable Mark D. Stoner
Cause No. 49G06-0410-FB-187118

## Robb, Judge, dissenting in part and concurring in result in part

[38] I agree with the trial court that the 2014 amendments to Indiana Code section 35-38-1-17 are not retroactive and that, absent the prosecutor's approval, the trial court had no authority to entertain Moore's petition for sentence modification. Therefore, I respectfully dissent from that part of the majority's decision holding otherwise.

[39] I do not agree that *Willis* is applicable and determinative here. A trial court generally has no authority over a defendant after sentencing. *Harper v. State*, 8 N.E.3d 694, 696 (Ind. 2014). Through Indiana Code section 35-38-1-17, the legislature has created an exception to that general rule and granted trial courts authority in certain circumstances to modify sentences. *State v. Porter*, 729 N.E.2d 591, 593 n.1 (Ind. Ct. App. 2000). In *Crocker*, our supreme court addressed the limited authority granted to the trial courts under this statute

when it considered an amendment that enlarged the trial court's authority from power to suspend the remainder of a sentence to the power to suspend *or reduce* a sentence. The defendants had been sentenced prior to the amendment, but following the amendment, the trial court reduced each of their sentences. The State appealed, and the court held the amendment did not apply to the defendants because they had been sentenced prior to its enactment and there was no retroactivity provision in the amended statute. 270 Ind. 377, 378. 385 N.E.2d 1143, 1144 (1979). Therefore, the only authority the trial court had with respect to their sentences was that granted by the statute in effect at the time they were sentenced—the power to suspend a sentence. *Id.* As the *Willis* court noted, the amendment in *Crocker* was a substantive change "because *the new statute gave the sentencing court new powers*, that is the power to reduce as well as to suspend the remainder of the sentence." 567 N.E.2d 1170, 1172 (Ind. Ct. App. 1991) (emphasis added).

[40]     In contrast, the amendment to the sentence modification statute considered in *Willis* was to enlarge the time in which the defendant could petition for modification. The court noted this amendment "*did not make any changes in the sentencing court's power over the sentence*, but merely permitted . . . the sentencing court to consider sentence modification *of the same kind* more than 180 days after sentencing." *Id.* (emphasis added). Thus, the court held the amendment was procedural, not substantive, and the defendant was eligible to petition for modification under the new timeline. *Id.* Notably, the *Willis* court did not hold

the sentence modification statute *itself* was procedural, just that the amendment under consideration made a procedural change.

[41] More recently, *Morris v. State*, 936 N.E.2d 354 (Ind. Ct. App. 2010), discussed both *Crocker* and *Willis* in deciding whether an amendment to the modification statute allowing the trial court, after 365 days, to move a defendant from the Department of Correction to community corrections without prosecutorial consent should be applied retroactively to a defendant sentenced before it was enacted. Noting that the amendment considered in *Willis* "simply [gave] a convicted person additional time to file a petition," the court held that the amendment it was considering was more akin to that in *Crocker* because "it [gave] the trial court authority it did not previously have . . . ." *Id.* at 357. Therefore, the amendment was not retroactive and did not give the trial court authority to modify the defendant's sentence which was imposed prior to its enactment.

[42] I believe the 2014 amendment is substantive like the amendments considered in *Crocker* and *Morris*. It grants a trial court authority it did not previously have— the authority to unilaterally modify a sentence at any time. And I do not believe that this result conflicts with *Beanblossom v. State*, 637 N.E.2d 1345 (Ind. Ct. App. 1994), *trans. denied*.[7] That case made it clear that the trial court has no inherent authority to modify a sentence: prior to the enactment of the sentence

---

[7] I note that although *Beanblossom* discussed whether the requirement of prosecutorial consent violated the separation of powers, the issue had not been preserved for appeal. *Id.* at 1347.

modification statute, "a trial judge had no authority over a defendant after the judge had pronounced sentence, and the court had no authority to change the sentence of the defendant after the defendant had started to serve his time." *Id.* at 1347-48. As quoted by the majority, the case also stated that "the statute does not take judicial power away from the trial court and give it to the prosecuting attorney." Slip op. at ¶ 25 (quoting *Beanblossom*, 637 N.E.2d at 1348). However, that is because the trial court only *had* the judicial power granted to it by the statute in the first place, that is, the power to decide whether to modify a sentence after 365 days if the prosecutor had consented to the modification. Following this most recent amendment, the trial court has the power to decide whether to modify a sentence unilaterally, a substantive change in the statute.

[43] As the majority notes, the "overarching principle in statutory construction is to first decide whether the legislature has spoken clearly and unambiguously on the point in question." Slip op. at ¶ 11. As the majority notes, no provision in Indiana Code section 35-38-1-17 limits its application to persons convicted after its effective date; however, there is also no provision for it be applied to persons convicted *before* its effective date. The general rule is that "[s]tatutes are to be given prospective effect only," *State v. Pelley*, 828 N.E.2d 915, 919 (Ind. 2005), and because this is not a remedial or procedural statute and the legislature has not included a specific retroactivity provision, the general rule applies.

[44] Moreover, even for procedural amendments, "retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons." *Hurst v. State*, 890 N.E.2d 88, 94 (Ind. Ct. App.

2008), *trans. denied*. It is important to note that section 35-38-1-17 was not amended in isolation. The revised statute was amended as part of a broad overhaul of the entire criminal code, an overhaul which included a savings clause, Ind. Code § 1-1-5.5-21, through which the legislature has clearly and unambiguously made it clear that it did not intend for the new criminal code to have any effect on proceedings for offenses committed before July 1, 2014. *Marley v. State*, 17 N.E.2d 335, 340 (Ind. Ct. App. 2014). There are no strong and compelling reasons to retroactively apply this one statute among the dozens that were simultaneously amended in the face of the legislature's clear direction expressed through the savings clause regardless of the date Moore filed his petition. Moore's crimes were committed and his penalty was incurred before the effective date of the new statute. Thus the savings clause rules out applying the revised statute to his petition for modification.

[45] I would hold that Moore's petition for modification was subject to the terms of the modification statute in effect at the time he was sentenced. According to those terms, prosecutorial consent was required, it was not given, and the trial court properly declined to entertain Moore's petition.

[46] Though we would do so for different reasons, I concur with the majority's result affirming the trial court's denial of Moore's petition for sentence modification.