Robb, Judge,
dissenting in part and concurring in result in part.
[38] I agree with the trial court that the 2014 amendments to Indiana Code section 35-38-1-17 are not retroactive and that, absent the prosecutor’s approval, the trial court had no authority to entertain Moore’s petition for sentence modification. Therefore, I respectfully dissent from that part of the majority’s decision holding otherwise.
[39] I do not agree that Willis is applicable and determinative here. A trial court generally has no authority over a defendant after sentencing. Harper v. State, 8 N.E.3d 694, 696 (Ind.2014). Through Indiana Code section 35-38-1-17, the legislature has created an exception to that general rule and granted trial courts authority in certain circumstances to modify sentences. State v. Porter, 729 N.E.2d 591, 593 n. 1 (Ind.Ct.App.2000). In Crock-er, our supreme court addressed the limited authority granted to the trial courts under this statute when it considered an amendment that enlarged the trial court’s authority from power to suspend the remainder of a sentence to the power to suspend or reduce a sentence. The defendants had been sentenced prior to the amendment, but following the amendment, the trial court reduced each of their sentences. The State appealed, and the court held the amendment did not apply to the defendants because they had been sentenced prior to its enactment and there was no retroactivity provision in the amended statute. 270 Ind. 377, 378, 385 N.E.2d 1143, 1144 (1979). Therefore, the only authority the trial .court had with respect to their sentences was that granted by the statute in effect at the time they were sentenced — the power to suspend a sentence. Id. As the Willis court noted, the amendment in Crocker was a substantive change “because the new statute gave the sentencing court new powers, that is the power to reduce as well as to suspend the remainder of the sentence.” 567 *1251 N.E.2d 1170, 1172 (Ind.Ct.App.1991) (emphasis added).
[40] In contrast, the amendment to the sentence modification statute considered in Willis was to enlarge the time in which the defendant could petition for modification. The court noted this amendment “did not make any changes in the sentencing court’s power over the sentence, but merely permitted ... the sentencing court to consider sentence modification of the same kind more than 180 days after sentencing.” Id. (emphasis added). Thus, the court held the amendment was procedural, not substantive, and the defendant was eligible to petition for modification under the new timeline. Id. Notably, the Willis court did not hold the sentence modification statute itself was procedural, just that the amendment under consideration made a procedural change.
[41] More recently, Morris v. State, 936 N.E.2d 354 (Ind.Ct.App.2010), discussed both Crocker and Willis in deciding whether an amendment to the modification statute allowing the trial court, after 365 days, to move a defendant from the Department of Correction to community corrections without prosecutorial consent should be applied retroactively to a defendant sentenced before it was enacted. Noting that the amendment considered in Willis “simply [gave] a convicted person additional time to file a petition,” the court held that the amendment it was considering was more akin to that in Crocker because “it [gave] the trial court authority it did not previously have....” Id. at 357. Therefore, the amendment was not retroactive and did not give the trial court authority to modify the defendant’s sentence which was imposed prior to its enactment.
[42] I believe the 2014 amendment is substantive like the amendments considered in Crocker and Morris. It grants a trial court authority it did not previously have — the authority to unilaterally modify a sentence at any time. And I do not believe that this result conflicts with Beanblossom v. State, 637 N.E.2d 1345 (Ind.Ct.App.1994), trans. denied.[7] That case made it clear that the trial court has no inherent authority to modify a sentence: prior to the enactment of the sentence modification statute, “a trial judge had no authority over a defendant after the judge had pronounced sentence, and the court had no authority to change the sentence of the defendant after the defendant had started to serve his time.” Id. at 1347-48. As quoted by the majority, the case also stated that “the statute does not take judicial power away from the trial court and give it to the prosecuting attorney.” Op. at ¶ 25 (quoting Beanblossom, 637 N.E.2d at 1348). However, that is because the trial court only had the judicial power granted to it by the statute in the first place, that is, the power to decide whether to modify a sentence after 365 days if the prosecutor had consented to the modification. Following this most recent amendment, the trial court has the power to decide whether to modify a sentence unilaterally, a substantive change in the statute.
[43] As the majority notes, the “overarching principle in statutory construction is to first decide whether the legislature has spoken clearly and unambiguously on the point in question.” Op. at ¶ 11. As the majority notes, no provision in Indiana Code section 35-38-1-17 limits its application to persons convicted after its effective *1252 date; however, there is also no provision for it be applied to persons convicted before its effective date. The general rule is that “[s]tatutes are to be given prospective effect only,” State v. Pelley, 828 N.E.2d 915, 919 (Ind.2005), and because this is not a remedial or procedural statute and the legislature has not included a specific ret-roactivity provision, the general rule applies.
[44] Moreover, even for procedural amendments, “retroactive application is the exception, and such laws are normally to be applied prospectively absent strong and compelling reasons.” Hurst v. State, 890 N.E.2d 88, 94 (Ind.Ct.App.2008), trans. denied. It is important to note that section 35-88-1-17 was not amended in isolation. The revised statute was amended as part of a broad overhaul of the entire criminal code, an overhaul which included a savings clause, Ind.Code § 1-1-5.5-21, through which the legislature has clearly and unambiguously made it clear that it did not intend for the new criminal code to have any effect on proceedings for offenses committed before July 1, 2014. Marley v. State, 17 N.E.3d 335, 340 (Ind.Ct.App.2014). There are no strong and compelling reasons to retroactively apply this one statute among the dozens that were simultaneously amended in the face of the legislature’s clear direction expressed through the savings clause regardless of the date Moore filed his petition. Moore’s crimes were committed and his penalty was incurred before the effective date of the new statute. Thus the savings clause rules out applying the revised statute to his petition for modification.
[45] I would hold that Moore’s petition for modification was subject to the terms of the modification statute in effect at the time he was sentenced. According to those terms, prosecutorial consent was required, it was not given, and the trial court properly declined to entertain Moore’s petition.
[46] Though we would do so for different reasons, I concur with the majority’s result affirming the trial court’s denial of Moore’s petition for sentence modification.

. I note that although Beanblossom discussed whether the requirement of prosecutorial consent violated the separation of powers, the issue had not been preserved for appeal. Id. at 1347.